## Chicago General Ry. Co. v. Laurence McNamara.

1.  NEGLIGENCE—*What Constitutes, in a Particular Case.*—Taking up a part of a floor and leaving an insufficient and unsafe one in its place, will warrant a recovery for an injury sustained by an employe lawfully upon the floor in the performance of his duty, without knowledge of its defective condition, and having occasion to pass over such defective floor in the discharge of his duty during the night time.

2.  DAMAGES—*Where $3,000 is Not Excessive.*—An employe of a street railway company employed to fire and wipe its engines in its power house was injured by a fall through a defective floor, rupturing the ligaments of his back and breaking one of his ribs.   His head was injured so that he became entirely deaf in one ear.   *Held*, that a verdict for $3,000 was not so grossly excessive as to indicate prejudice, partiality, passion, or undue sympathy with the party injured, on the part of the jury.

Trespass on the Case, for personal injuries.   Error to the Superior
Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding.
Heard in this court at the October term, 1900.   Affirmed.   Opinion
filed March 14, 1901.

Statement.—Defendant in error was plaintiff and plaint-
iff in error defendant in the trial court.   About September
3, 1898, plaintiff was employed by defendant to fire and
wipe engines in defendant's power house.   There were two
engines in the engine room of the power house, one about
five or six feet south of the north wall of the room and the
other a short distance south of that one.   One of them was
supported by a stone and  the other  by a brick foundation.
The foundations were about seven or eight feet in height
from the ground floor and there was a plank floor around
the engines on a level with the upper surface of the foun-
dations.   This floor extended from the north wall of the
room to some distance south of the south engine and about
eighteen feet from the east wall nearly to the west wall.
Between the west wall and the west end or side of the floor
was a space where railroad cars were backed in.  The
flooring between the north wall of the room and the north
engine was removed by the defendant shortly before the
accident hereinafter mentioned.

The plaintiff's working hours were from six o'clock in
the evening till seven o'clock in the morning.   The room
was lighted by electricity while the engines were running,
but about midnight the engines were shut down, after
which the only lights were two kerosene lamps on the south
engine, and a torch.   About twelve o'clock at night Octo-
ber 6, 1898, the plaintiff went to the engine room, and
under the direction of Mr. Marsh, defendant's stationary
engineer, commenced wiping the south engine, which had
been the only one running that day.   After wiping the
engine some time the plaintiff walked around the engines
and started to pass through the space between the north
wall and the north engine, where the flooring had been
removed, for the purpose of getting some cloth or waste
with which to finish the wiping of the engine.   It was very
dark between the engine and the north wall.   The conse-

quence was that he fell into the hole left by the removal of the flooring and was injured. The plaintiff had passed along in that space the morning before the accident and also the night next preceding that night, and the flooring was there then. The uncontradicted evidence is, that he had not been informed and did not know of the removal of the flooring. After the accident he went back to work and finished wiping the engine in about half an hour. He worked for the defendant as fireman and engine wiper for about two weeks next succeeding the accident, but says that he was assisted by others in his work, and Mr. Marsh testified that plaintiff worked very poorly; that at the end of the two weeks he was laid off; that afterward he returned, worked about fifty-six days, and was again laid off. Plaintiff testified that when he was laid off the first time he remained at home four or five weeks, when he went to work again, to ascertain whether he could work as fireman, but that he found himself unable so to do. He also testified that the fall ruptured the ligaments of his back, that his ninth rib was broken and his head hurt, and that he became entirely deaf in one ear.

The defendant introduced no evidence, and the jury found for the plaintiff, assessed his damages at the sum of $3,000, and judgment was rendered on the verdict.

DEFREES, BRACE & RITTER, attorneys for plaintiff in error.

BURTON & KANNALLY, attorneys for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The declaration contains two counts. The negligence alleged in the first is that the defendant carelessly and negligently provided an insufficient and unsafe floor, and carelessly and negligently kept the same in an unsafe condition. The negligence alleged in the second is the taking up of the floor north of the engines, and failing to inform, caution and warn plaintiff thereof. Counsel for plaintiff in error

claim that there could only be a recovery under the second count, if at all. We regard this contention unimportant, but can not sustain it. Taking up a part of the floor, leaving an insufficient and unsafe floor, would, as we think, warrant a recovery by one lawfully on the floor, without knowledge of its defective condition. It is contended that there was a want of ordinary care on the part of defendant in error, and that there was no negligence of plaintiff in error. Neither contention can be sustained. The evidence is that on the morning before the accident, and also in the night next preceding the night of the accident, defendant in error had walked between the north engine and the north wall, and that the flooring was there, and the lights in the room the same, and that he had no notice or knowledge of the removal of the flooring. The evidence shows also that he walked in the space in question in the discharge of his duty. He says he went there to get some cloth or waste to wipe the engine. Marsh, the stationary engineer, testified : " He went around to the north of the engine to get some rags to wipe the engine with."

In Iroquois Furnace Co. v. McCrea, 91 Ill. App. 337, the plaintiff was a night watchman, and had been accustomed to walk over a dump pile of cinders at night, in removing cinders from the furnace to dump them at the edge of the dump pile, where there was a gradual slope from the top of the dump to the ground. The day previous to the accident the defendant removed cinders from the edge of the dump, leaving a sharp declivity, without notice to or knowledge of the plaintiff, by reason of which the plaintiff fell over the edge of the dump and was injured. Held, that the jury might reasonably find the defendant guilty of negligence. The present case is much stronger for defendant in error than was the case cited for the plaintiff.

It is claimed that the damages are excessive. We can not say that the sum awarded is so grossly excessive as to indicate prejudice, partiality, passion, or undue sympathy with defendant in error, on the part of the jury, and the trial seems to have been fairly conducted. The court and

jury saw the witnesses and heard them testify; the latter assessed the damages, and the former, by refusing a new trial, approved the assessment, and we are unaware of any sound principle which would warrant us in reversing the judgment because of excessive damages.

It is urged as ground of reversal that a paper, purporting to be the verdict of the jury, is signed by persons not impaneled as jurors. This apparent variance was, as appears by the record, occasioned by error in copying the names into the bill of exceptions, and was rectified by the court by amendment of the bill of exceptions, on due notice to plaintiff in error. The judgment will be affirmed.