## Michael Walsh v. The City of Chicago.

1. Negligence—*Liability of the Employer for New Perils Imposed upon the Employe Without Notice.*—An employer is liable for negligence in failing to warn an employe of new perils imposed upon his service without notice to him.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Cook County; the Hon. John C. Garver, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed March 25, 1901.

This suit was brought by plaintiff in error to recover for personal injuries sustained, as it is alleged, through negligence of defendant in error.

Plaintiff in error was employed by defendant in error to work upon its streets. At the time in question he was engaged, under direction of a foreman, in cleaning a street which had been flooded with water. The water and dirt of the street made a mud, which plaintiff in error, by order of the foreman, was scraping up with a hoe. In so doing he was obliged to move backward, drawing the mud toward him from in front of him. While so at work the foreman removed a cover to a catch-basin in the street and left the hole uncovered in the locality over which plaintiff in error was to work, and this without any warning to plaintiff in error. Plaintiff in error proceeded in his work, moving

backward, until he came to the open catch-basin, into which he fell.    By reason of the fall he sustained injury.

The foregoing facts were made to appear from the evidence presented by plaintiff in error.    At the conclusion of the evidence of plaintiff in error, the court peremptorily directed a verdict for defendant in error.    From judgment thereon this appeal is prosecuted.

Sullivan & McArdle, attorneys for plaintiff in error.

Andrew J. Ryan, attorneys for defendant in error.

Mr. Justice Sears delivered the opinion of the court.

No question is raised upon this appeal as to a liability of defendant in error for negligence of a vice-principal, who is foreman over a gang of common laborers, in the directing of such laborers in their service.    It is not argued that such a liability could not arise, but merely that it did not arise because the foreman was at the time acting as a fellow-servant of plaintiff in error, and not as a foreman over him, and upon the further ground that plaintiff in error had assumed the hazard.

Upon this contention it is enough to say that the evidence not only tends to show, but does show, that Cronin was foreman over plaintiff in error; that he ordered plaintiff in error to work in cleaning the mud from the street, and that plaintiff in error, when injured, was following such direction of the foreman; that Cronin, while plaintiff in error was thus engaged, opened a catch-basin behind plaintiff in error, and in the course in which he was moving backward in his work, and left the catch-basin unguarded and gave no notice or warning to plaintiff in error.    It is very clear that it can neither be maintained that Cronin was a fellow-servant or other than a foreman over plaintiff in error while thus directing the work; nor that plaintiff in error had assumed as an ordinary hazard of his employment this additional peril, thus added to his service without warning to him.

As to liability of an employer for negligence in failing

to warn an employe of new perils imposed upon his service without notice to him, see Iroquois Furnace Co. v. McCrea, 91 Ill. App. 337, and Chi. Gen. Ry. Co. v. McNamara, 94 Ill. App. 188.

So far as any showing is made by the briefs and argument of counsel, we discover no sufficient reason for excluding the evidence from the jury and directing a verdict for defendant in error.

The judgment is therefore reversed and the cause is remanded.