69 454
71 465

JOHN J. RYAN *vs.* THE CHELSEA PAPER MANUFACTURING
COMPANY.

Second Judicial District, Norwich, May Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

The law requires great skill and a high degree of care on the part of an
operative when running a machine known to him to be a dangerous
one. But the question whether he possessed that skill and exercised
that degree of care on a particular occasion, when injured, must ordi-
narily be one of fact for the conclusive determination of the trier.

By undertaking to run a dangerous machine a skilled operative thereby
assumes the risk of personal injury arising from an ordinary change in
the location or arrangement of its movable parts. But if the change
is one unknown in the common use of the machine, varies the mode
of operation, and greatly increases the danger, it then becomes the duty
of the master to notify the servant before requiring him to operate the
machine in its altered condition. Whether the change made was of
the former or latter description, is a question of fact for the trial court.

The ultimate conclusion to be drawn from evidential facts, some of which
are apparently inconsistent with others, is within the province of the
trier, and not reviewable by this court; unless, indeed, the conclusion
reached is necessarily inconsistent with clear and settled rules of logic.

[Argued May 27th—decided July 13th, 1897.]

ACTION to recover damages for personal injuries claimed to
have been caused by the negligence of the defendant, brought
to the Superior Court in New London County and heard in
damages to the court, *Thayer, J. ;* facts found and judgment
rendered for the plaintiff for $1,500 damages, and appeal by
the defendant for alleged errors in the rulings of the court.
*No error.*

The case is sufficiently stated in the opinion.

*W. A. Briscoe,* for the appellant (defendant).

The claims of the appellant in this case are two: First, that
the trial court required of the defendant a higher standard
of duty in the conduct of its business than the law imposes ;
and second, that the court required of the plaintiff a less
degree of care than is required by law. In either case the
determination of the trial court upon the issues raises a ques-

tion of law which will be reviewed by this court. *McAdam* v. *Central Ry. & Elec. Co.*, 67 Conn. 445; *Morrissey* v. *Bridgeport Traction Co.*, 68 id. 217. The plaintiff was a workman engaged in a hazardous employment and in the operation of a machine dangerous to one unaccustomed to its use, but with the risks of which he was entirely familiar. These risks he assumed when he entered the defendant's employment. *Michigan Central R. R.* v. *Smithson*, 45 Mich. 212; *Walsh* v. *St. Paul, etc., R. R.*, 27 Minn. 367; *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 557; *O'Keefe* v. *National Folding Box & Paper Co.*, 66 id. 45. The change made in the machine was made one or two weeks before the time of the injury. During all this time, as appears from the finding, the plaintiff had been employed upon the adjoining machine, near to that upon which he received his injury. During all this time he had had every opportunity to know and observe the change made in the roll, particularly as the change was unusual and thereby part of the machine was thrown out of use for drying the paper. Such change could not have escaped the observation of a skilled workman constantly engaged within a few feet of the machine in question. It is entirely immaterial whether he in fact observed the change or not, if by the exercise of ordinary observation he might have observed a matter which, as is alleged, greatly increased the hazard of his employment. Such failure to observe what is visible, open and near in a matter affecting his own personal safety would be of itself want of due care. 2 Thompson on Neg. 1008.

*Joseph T. Fanning*, for the appellee (plaintiff).

Whatever might be the actual purpose of changing a part of the machinery, the consequences of such change involved a great increase in the danger and hazard incident to its working, and the defendant cannot escape the charge of negligence for not giving notice to the plaintiff that such change had been made, or that there had been an increase in the danger. Wood on Master and Servant, §§ 352, 376; 14 Amer. & Eng. Ency. of Law, §§ 8–10; *Wilson* v. *Willimantic*

*Linen Co.*, 50 Conn. 433; *O'Keefe* v. *National Folding Box & Paper Co.*, 66 id. 38. The servant is bound to guard against such dangers only as attend his work when it can be performed in a manner usual and proper. If he then acts within the scope of his employment, is not notified by his employer of any new and increased danger created by the act of that employer, does not know of the same and is injured on account of it, the element of contributory negligence cannot be imputed to his acts simply because, in fact, he did not notice a secret change himself and the consequent increase in the danger.

HAMERSLEY, J. The defendant operated in one room in its factory three Fourdrinier machines for drying paper, known as No. 1, No. 2 and No. 3, respectively. Each machine was tended by two workmen, one called a " machine-tender " and the other a " back-tender." The plaintiff had been in the employ of the defendant as a back-tender on machine No. 3 for about twenty-two months, when, while temporarily tending machine No. 2, his hand was caught in the machinery and injured so that amputation was necessary. The plaintiff brings this action to recover of the defendant damages for his injury; alleging in the first count that the defendant was negligent in supplying him with machinery for his work which was defective and unsafe; and in the second count that the defendant was negligent in not notifying the plaintiff of a change in the arrangement of the machine by which the danger in using it was greatly increased, and that his injury was caused by said change and failure to notify him thereof.

The facts found by the trial court do not support a judgment on the first count.

The defendant claims that the judgment on the second count is erroneous, because : " First, the trial court required of the defendant a higher standard of duty in the conduct of its business than the law imposes. Second, the court required of the plaintiff a less degree of care than is required by law."

As to the second claim : The finding states that the plaintiff had been employed in like capacity on similar machines for

twenty years, and was skilled in and thoroughly understood the operation of the same, and that at the time of his injury he exercised due care and skill. The standard of duty applied to the plaintiff by the court was the great skill and high degree of care requisite in operating a machine known to the operator to be a dangerous machine. The degree of care required by law is not greater than this. The real grievance of the defendant is that the court, in applying a correct rule of law, did not find the plaintiff guilty of contributory negligence; and the claim is urged that negligence on the part of the plaintiff follows as a necessary conclusion from the circumstances detailed in the finding. We cannot say that an application of the rules of law to the detailed circumstances leads necessarily to the conclusion of negligence. We think the question of negligence presented to the court below clearly depends on the conduct of the plaintiff under the special circumstances of the case, involving the exercise of sound discretion in the trier, based upon his experience as to what a reasonable, prudent man would have done under such conditions; and that the " facts and circumstances are of such a nature that honest, fair-minded, capable men might come to different conclusions." In such case the question of negligence is one of fact, and the conclusion of the trier, applying a correct standard of duty, is conclusive. This principle was settled in *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 257, and has been repeatedly affirmed.

The main reliance, however, of the defendant is on its first claim. It appears in the finding that the plaintiff's employment involved the duty not only of tending machine No. 3, but also, when the back-tender on either of the other machines might be temporarily absent, of supplying his place on that machine, if called upon by its machine-tender; and that in pursuance of this duty he was working on machine No. 2 when the accident happened. The machines were dangerous to operate, and there was a risk of injury to the skilled workman using due care; this risk the plaintiff assumed, and his employer was not responsible for an injury resulting from the ordinary operations of the ma-

chine.  It is not found that there was any structural defect in the machine that might make the employer responsible. The finding describes machine No. 2 as consisting in part of an open iron frame supporting two rows of steel cylinders and two series of rolls.  Each series of rolls carries an endless band of felt, which guides the wet pulp in its course through the machine in the process of being dried.  When the paper becomes broken, as it frequently does, the operator has to seize the end of the paper and place it in proper position between the felt and the cylinders.  The main danger to the operator consists in the nearness of the rolls to the rapidly revolving and highly heated cylinders, and the great rapidity with which the pulp or paper passes through the machine.  All the rolls are supported on iron stands set in the open iron frame, and are movable ; and from time to time some of them are slightly changed in order to tighten or loosen the endless felt.  It appears that a week or two before the accident. the defendant changed the position of one of the rolls, by discarding the iron stand on which it was supported in its usual place, and bolting a wooden block to the iron frame for its support in the new position ; the roll was thus lowered, and the distance between the face of the roll and of the cylinders on each side of it, reduced one half.  This change was not the slight change occasionally made for the purpose of loosening or tightening the felt ; it was not made in the ordinary use of the machine for drying paper ; it was made in order to run the paper off the machine without running it over the last cylinder of the upper tier, or under the last cylinder of the lower tier, so that these last two cylinders might be employed to dry the felt and not the pulp or paper.  And this change, or some other device for drying the felt, was made necessary by the fact that the felt on this machine at the time became too wet for successful operation when the paper was carried through the entire machine.  The plaintiff had never known one of the rolls between the cylinders to be thus placed, and they could not be so placed and operated while the last cylinders of the two tiers were used for the purpose of drying paper.  No witness was produced on the trial who ever saw a roll so placed be-

fore. The court finds that by reason of this change, "the space within which the paper must be caught was greatly lessened, liberty of action in the operator obstructed, and the danger and hazard attending the work which the plaintiff was called upon to perform was greatly increased." Notice of this change was at once given to the back-tender of machine No. 2; but no notice thereof was given to the plaintiff by the defendant, and he did not know of the change in the position of the roll when called to work upon the machine at the time of the accident. It was in attempting to seize the paper between the cylinders above this roll that the plaintiff's hand was caught and injured; and the plaintiff's injury was proximately caused by the failure of the defendant to notify him of the said change, and the increase in the dangerous character of the machine caused thereby.

The rule of law applicable to these facts is plain. If the change in machine No. 2 was merely an ordinary adaptation of the machine to the purpose for which it was made, which a skilled operator must be presumed to anticipate; such, for instance, as the slight change necessary to keep the felt bands at proper tension, the risk of injury was one assumed by the plaintiff in accepting his employment. On the other hand, if the change was one unknown in the ordinary use of the machine, made to adapt it temporarily to a special and unusual purpose, calling for a difference in operation and greatly increasing the danger, then it was the duty of the defendant to notify the plaintiff before requiring him to operate the machine in its altered condition. *O'Keefe* v. *National Folding Box & Paper Co.*, 66 Conn. 38, 45. It is evident that the court below applied this rule, and so did not require of the defendant a higher standard of duty in the conduct of its business than the law imposes.

But the court did find as a fact that the change made in the machine was of the latter description, and the defendant urges the insufficiency of the evidential facts found, to support the decision of the court upon the real character of the change made. Apparently the evidence on this point was

not as full as it might have been; but the court had to act on the evidence produced, and we cannot say, on the evidential facts appearing in the finding, that the conclusion reached is logically unsound, even if we could review such a conclusion.

It appears that the change was made by the machine-tender of No. 2, in obedience to the defendant's direction, and that notice was at once given to the back-tender of that machine, although not to the plaintiff, who was back-tender of No. 3; there possibly may be a question whether the defendant discharged its full duty in notifying those in charge of machine No. 2; so that the real negligence was that of a fellow-servant, the machine-tender of No. 2, in calling the plaintiff to his assistance without advising him of the change. If such question can be considered doubtful, it does not appear that evidence necessary to fully present it was produced on the trial, and no claim of the kind was made in the court below, or in this court.

The other claims assigned in the appeal bearing on the question of contributory negligence, are claims of fact disposed of by the finding. In order to give the defendant every opportunity to urge its claims of law, the judge has detailed the evidential facts quite fully; and one or two especially relating to the plaintiff's ignorance of the change and his care in operating the machine, are apparently inconsistent with other facts found, and this inconsistency was strongly urged by the defendant in argument. The ultimate conclusion to be drawn from incongruous evidential facts is within the province of the trier, and not reviewable; certainly not, unless the conclusion reached is necessarily inconsistent with clear and settled rules of logic.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.