Iroquois Furnace Co. v. McCrea.

---

### Iroquois Furnace Co. v. James McCrea.

1. NEGLIGENCE—*What Constitutes—Illustration.*—To change the condition of a dump pile by removals in the ordinary course of business is not in itself negligence. but to permit such removals to change the form of the pile from a gradual slope to a sharp declivity, in the day

time, without informing employes engaged upon such dump at night work of such change, can reasonably be found to constitute negligence.

2. EMPLOYER AND EMPLOYE—*Duty of the Employer toward the Employe.*—It is the duty of an employer to exercise ordinary care for the safety of his employes.

3. QUESTIONS OF FACT—*As to What Constitutes Negligence.*—The question as to whether an employe, in going upon a dump pile in a dark night without a light, is negligent, is one of fact for the jury.

4. EVIDENCE—*Photographs, When Admissible.*—In order to render a photograph admissible as evidence in personal injury cases it must be shown to be a correct representation of the place in question as it was prior to or at the time of the injury.

5. JURORS—*May be Questioned as to their Interest in Corporations Represented by Attorneys in the Case.*—It is proper to permit counsel to question jurors upon their *voir dire* as to their interest in a certain company, where an attorney representing such company is present with the attorneys for the opposite party at the trial. Such questions are proper for the purpose of enabling counsel to exercise their right of peremptory challenge if for no other purpose.

6. DAMAGES—*When $5,000 is Not Excessive.*—Where an employe fell on the sharp declivity of a dump pile and was injured, such injury consisting of a broken leg, which united, leaving the ankle enlarged and stiffened, and there was evidence tending to show a permanent lameness, a verdict for $5,000 is not excessive.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County: the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed October 4, 1900.

Statement.—This is an action to recover damages for personal injuries sustained by appellee, as is charged, through negligence of appellant. Appellee was employed as night foreman of appellant, a corporation engaged in conducting an iron foundry. The work of appellee consisted in part in superintending the removal of cinders and refuse from the furnaces to a dump pile. The evidence tends to show that this dump pile was from time to time reduced by removal of wagon loads of the cinders and refuse from it during the day time. Such removals left the pile with a sloping surface, sloping from its top, usually at an angle of about sixty degrees. Just prior to the injury in question there had been an unusual amount of the contents of the pile removed during the day time, which re-

sulted in leaving the pile with a sharp edge, presenting a perpendicular wall of about nine feet instead of a sloping bank. This change was made by day time, and there is evidence tending to show that it was effected within a day or two prior to the injury. There is no evidence that appellee was informed when he came on for his night work, of these changes which had been made in the day time. Appellee testified that he was unaware of the change. Upon the night of the injury it became the duty of appellee to direct one Flinn, an extra man employed by the appellant, to work wheeling cinders from the furnaces to the dump. Flinn came to appellee and stated that it was too dark to work without a light. Appellee started to go with Flinn to see if it was practicable to work about the dump without a light. The appellant company furnished torches to its employes, but at this time all the torches were in use and there was none which appellee could take for his own use or to furnish to Flinn without depriving some other workman of his light. Appellee and Flinn went without a torch or other light toward the dump pile, and as they proceeded in the dark, appellee fell over the edge of the sharp declivity and was injured.

The injury consisted of a broken leg, which united, leaving the ankle enlarged and stiffened. The evidence tended to show a permanent lameness.

The jury found for the appellee and assessed his damages at $5,000. From judgment upon that verdict the appeal here is prosecuted.

Wall & Ross, attorneys for appellant; Percy Werner, of counsel.

King & Gross, attorneys for appellee; Andrew J. Hirschl, of counsel.

Mr. Justice Sears delivered the opinion of the court.

The two principal questions presented are as to negligence of appellant and of appellee. We are of opinion that the

evidencé shows negligence upon the part of appellant. To change the condition of the dump pile by removals in the ordinary course of business was not of itself negligence; but to permit such removals to be made as changed the form of the dump pile from a gradual slope to a sharp declivity without warning appellee of such change, could be reasonably found to constitute negligence. The change was effected by day time. Appellee came on to work after dark. It was the duty of appellant, in exercising ordinary care for the safety of its employe, to warn him of such changes as increased the hazard of his employment, and of which he could not reasonably be presumed to be aware from the nature and time of his employment. Appellant knew that its employe would be obliged in the course of his duties to be about this dump pile, and that his times of work were such that he would not observe the changes as they were made. Therefore there was a duty to warn him that he might guard against the new hazard thus arising in his employment. The evidence amply establishes that no such warning was given. The jury were warranted in finding that appellant was negligent.

The other question is as to negligence of appellee contributing to the injury. It is very strenuously argued by the learned counsel for appellant that appellee was negligent in going out to the dump pile in the dark without a torch or other light. The evidence shows that in order to provide himself with a torch appellee must have deprived some one of the men under him of his light. This fact would not of itself relieve appellee if it could be said that going out in the dark was a negligent act. But we are not prepared to hold that this fact of itself constitutes negligence. It was a matter for the jury to determine. In so determining the jury could consider, as they doubtless did, that appellee had been in the habit of going out in the dark to this dump pile without any torch or other light, and that while it was in the condition in which it had always been so far·as his knowledge went, viz., with a gradually sloping bank, there was no especial peril in so doing. Appellee testified that

he had never known of but one wagon load being removed from the dump pile prior to the injury; and appellant's general manager testified that upon former removals the bank was left sloping at about sixty degrees.

We are of opinion that the action of appellee can not be said to constitute negligence *per se,* nor can it be held that the verdict of the jury, finding, in effect, that he was free from negligence, was against the manifest weight of the evidence. There remain to be considered only questions of procedure and the amount of the verdict.

The evidence as to demanding more torches from the assistant superintendent was not objected to, and evidence of the fact that there was no light, and no torch not in use when appellee went out with Flinn, was competent—not to establish negligence of appellant in failing to furnish one, for such negligence was not pleaded—but as bearing upon the reasonable care of appellee.

The court did not err in excluding the photograph offered in evidence, for it did not appear that it was a correct representation of the dump pile as it was at or prior to the time of the injury. If it were desired to present a photograph of the boilers only, one should have been prepared which was not likely to mislead by showing also the dump pile as it was a year after the time in question.

The following instruction was presented to the court by counsel for appellant:

" The court instructs you that if you believe from the evidence that the plaintiff knew of the removal of the dirt and *debris* from the dump pile, or by the exercise of ordinary care could have known of the removal of dirt and *debris* from the dump pile, and if the jury also believe from the evidence that the plaintiff failed to exercise ordinary care in going out to the place where he was injured in the night time, then your verdict must be for the defendant."

The court modified this instruction by inserting the words, " at or near the place where plaintiff fell," after the words " dump pile." This modification is complained of as error. The instruction, taken altogether, stated a correct proposition as tendered, and it was equally correct as modified.

We are of opinion that the modification did not impose upon it any limitations which were prejudicial to appellant. Without its last hypothesis the instruction would in either case, as tendered or as modified, be bad. It would not follow because appellee knew of some removals from the pile, which always left it with a gradually sloping bank, that therefore he was to be charged with notice of a new departure by which the slope was changed into a sheer descent of nine feet. The words "at or near the place where plaintiff fell," would in their natural and reasonable application cover any evidence which was introduced showing any knowledge of appellee of prior removals.

The following instruction also was tendered by counsel for appellant:

" The court instructs you that there are no allegations in the declaration that the defendant was guilty of negligence in failing to furnish the plaintiff lights at the time and place where he was injured, and therefore you will disregard all testimony pertaining to the question of lights; and unless you find the defendant is guilty of negligence, as charged in the declaration, your verdict must be for the defendant."

The court modified this instruction so that it read as follows:

" The court instructs you there are no allegations in the declaration that the defendant was guilty of negligence in failing to furnish the plaintiff lights at the time and place he was injured, and therefore you should not find the defendant guilty of negligence in regard to the furnishing of light, or base your verdict upon any claimed want of light or torches; and unless you find the defendant is guilty of negligence, as charged in the declaration, your verdict must be for the defendant."

This modification is assigned as error. We are of opinion that the instruction as tendered was bad, and that the modification by the court made it a proper instruction. The evidence referred to was competent to be considered upon the question of the care exercised by appellee. It was not competent as showing negligence of appellant, for such negligence was not alleged, and to that extent the instruction as modified properly excluded it.

It is complained that the court erred in permitting counsel for appellee to question certain jurors upon their *voir dire* as to their interest in the Union Casualty Company. It appears that an attorney representing that company was present with the attorneys for appellant at the trial. The question was proper, at least, for the purpose of enabling counsel to exercise their right of peremptory challenge, if for no other purpose. O'Hare v. C., M. & N. R. R. Co., 139 Ill. 151; Am. B. W. v. Pereira, 79 Ill. App. 90, and cases therein cited.

The only question which remains to be considered is as to the amount of the verdict. It is urged by counsel for appellant that the sum of $5,000 is an excessive award when the injury consists only in a broken leg. This might be an excessive amount to allow as damages for any ordinary fracture, which had healed in the usual time and resulted in no permanent lameness. But there is evidence as to permanent injury in this case which we can not ignore. Two physicians testify that the ankle is enlarged, the motion of the foot impaired, and the condition a permanent one. While the amount assessed is large, yet in view of all the evidence we are not prepared to designate any smaller sum as a more exact measurement of the damage. The judgment is affirmed.