### CHERRY v. WATSON.

No. 10936—Opinion Filed Dec. 19, 1922.

(Syllabus.)

**Appeal and Error—Review — Sufficiency of Evidence—Recovery for Work and Labor.**

In an action by A. against B. on an account for labor performed in drilling a water well, drilled at the instance and request of B. without any agreement as to the price to be paid for the work, where issues are joined as to whether the work was performed under an express contract, the respective theories of A. and B. are submitted to a jury under proper instructions, a verdict is returned in favor of A., and there is evidence in the record reasonably tending to support the verdict, the judgment entered thereon will not be reversed on appeal. Record examined, and held, that the judgment of the trial court be affirmed.

Error from County Court, Lincoln County; Ira E. Billingslea, Judge.

Action by W. A. Watson against J. W. Cherry to recover upon an account for labor performed in drilling a water well. Judgment in favor of the plaintiff for $38.80, and defendant brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

Courtland M. Feuquay, for defendant in error.

KENNAMER, J. W. A. Watson, plaintiff, instituted this action before E. B Moore, justice of the peace for the town of Davenport, Lincoln county, Okla., against J. W. Cherry, defendant, to recover $46 for drilling Cherry a water well. Watson alleged in his bill of particulars that he drilled the well at the instance and request of Cherry, and that no price was agreed upon for the work, but that he drilled the well to a depth of 36 feet and set 20 feet of steel casing in order to case off quicksand, and that the reasonable price for the completion of the well was $46.

On the 27th day of September, 1918, the justice court entered judgment for the plaintiff in the sum of $36. Cherry, the defendant, appealed the case to the county court. The cause was tried on March 22, 1919, in

the county court to a jury, which resulted in the verdict for the plaintiff in the sum of $38.80. Motion for judgment, notwithstanding the verdict of the jury, was filed by the defendant, which was overruled. Motion for new trial was filed and overruled, and judgment entered on the verdict of the jury. This appeal is prosecuted by the defendant, Cherry, to reverse the judgment of the trial court.

Counsel have argued the following propositions for reversal of the judgment. The court erred in overruling motion for new trial. The verdict of the jury is excessive in the amount found to be due. That there is not sufficient evidence to warrant a recovery for any amount for setting the steel casing. The court erred in overruling the defendant's demurrer to the evidence of the plaintiff.

We have examined the testimony in the record and the instructions of the court. It is clear that the case was tried and submitted to the jury under proper instructions on the theory as contended for by the plaintiff—that he drilled the well at the request of the defendant, and that no price for the work was agreed upon, and that $46 was a reasonable price for the drilling of the well; and upon the theory of the defendant—that the work was performed under an express contract, that the plaintiff was to drill the well for 80 cents per foot. These respective theories were submitted to the jury under proper instructions. The jury found the issues in favor of the plaintiff and fixed the amount of recovery at what was found to be a reasonable price, to wit, $38.80 for the work performed.

There appearing no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, MILLER, NICHOLSON, and COCHRAN, JJ., concur.