BRITT et al. v. DOTY, Adm'x.

No. 31654. June 5, 1945.

Rehearing Denied June 26, 1945.

*161 P. 2d 521.*

Ray McNaughton, of Miami, for plaintiffs in error.

A. L. Commons and Gayle Pickens, both of Miami, for defendant in error.

PER CURIAM. This action was commenced by Mayme Doty, administratrix

of the estate of James Neal Doty, deceased, plaintiff, to recover damages against the defendants for the wrongful death of James Neal Doty. The case was tried on the second amended petition, in which it is alleged that the death occurred by reason of the failure to notify Doty of the dangerous condition of a tailing pile. The defendant demurred to the evidence and moved for directed verdict. The court overruled the motion. The cause was submitted to the jury and a verdict for $10,000 was returned; judgment being entered thereon, the defendants appealed, and their sole allegation presented in the brief is the error in overruling the demurrer to the evidence and the motion for directed verdict.

The record discloses that Henry Wade, James Doty, Fred Holt, LeRoy Wade, and Joe Nolan were employed by the defendants to load chat from a tailing pile known as the Velie-Lion Chat Pile. This chat was delivered by truck to a mill a short distance away. Joe Nolan was the powder man. His duties consisted of preparing dynamite discharges referred to as shots for loosening the material from the tailing pile. LeRoy Wade was the foreman in charge of the group and ran the shovel operated to load the trucks. The remaining three, including Doty were truck drivers. Joe Nolan stated that he put two shots in the tailing pile and one shot was put near a pipe to attempt to remove the pipe so that the trucks could be loaded on both sides of the shovel. This pipe had been in the way and the common desire was to have it removed to facilitate loading. Some time after the shots were prepared Doty left to take a load of tailing to the mill. The testimony is in irreconcilable conflict as to when Doty left. Fred Holt testified for the plaintiff stating that Doty left before the shots were fired. The testimony of witnesses for the defendant is to the contrary. When Doty returned to the premises with his truck he parked it and in company with Fred Holt went to the pipe and attempted to test the pipe to determine if the charge

of dynamite placed against the pipe had loosened it. While he was there the tailing pile began to fall. Fred Holt saw the same in time to run away from the danger, but Doty was smothered under the same, which resulted in his death.

Defendants cite and rely upon Earl, Adm'x, v. Oklahoma City-Ada-Atoka Ry. Co., 187 Okla. 100, 101 P. 2d 249; Kill v. Summitt Drilling Co., 153 Okla. 197, 5 P. 2d 346; Phillips v. Tackett, 168 Okla. 143, 32 P. 2d 29; McMillin v. Barton-Robison Convoy Co., 182 Okla. 553, 78 P. 2d 789, together with a number of other cases, and state that the court erred in not sustaining the motions for the reason that there is no evidence in the record of any negligence on the part of the defendants. In Earl, Adm'x, v. Oklahoma City-Ada-Atoka Ry. Co., supra, any one of the road maintenance men could have observed the condition of the roadway which caused the death of the deceased, including the deceased. In the case at bar only those who knew of the dangerous condition could have observed the condition of the tailing pile. It was a question of fact whether Doty knew of the condition of the tailing pile or should have been informed by LeRoy Wade in charge of the job or some other person who was there and had knowledge of the condition of the tailing pile due to the recent shots. The situation in Earl, Adm'x, v. Oklahoma City-Ada-Atoka Ry. Co., supra, could not be applicable unless we assume all five of the men were present at the time the shots were fired and all owed a common duty to watch the tailing. This is the controverted question of fact which was submitted to the jury. In Phillips v. Tackett, supra, plaintiff was injured while pulling stumps. It was admitted by the plaintiff that the vice principal, Howard, warned him of the only dangerous and hidden condition of the apparatus with which he was working. The defect Howard was held not to have warned of was a patent and obvious defect. The case is not applicable to the fact situation here involved. In McMillin v. Barton-Robison Convoy Co., supra, robbers, illegally in possession of

defendant's premises, murdered plaintiff's intestate. No duty of defendant was shown to exist.

The remaining cases can likewise be distinguished unless in the case of Kill v. Summitt Drilling Co., supra. This case is often cited in vice-principal cases. See City of Edmond ·v. Washam, 190 Okla. 140, 121 P. 2d 300. We are of the opinion, and hold, that where a duty is shown such as a duty to furnish a safe place to work, or a duty to warn of an inherently dangerous condition and there is evidence of a neglect of such duty, a discussion of the corresponding or relative duty of the plaintiff is an unwarranted invasion of the province of the jury under article 23, § 6, of the Constitution, and whether Doty was negligent or whether the negligence contributed to the injury is a question of fact solely for the jury to determine; and if there is anything to the contrary in Kill v. Summitt Drilling Co., supra, or any other case, it is contrary to the better rule. No superior servant doctrine is involved in the case at bar. If there was a superior servant, it was. either Nolan or LeRoy Wade, who testified he was a foreman. It was not Doty, who was one of the three truck drivers, and in no position to act as a vice principal or a superior servant. We are of the opinion, and hold, that there was evidence of negligence in the failure to warn Doty of the danger of the recent shooting of the pile of tailing. The evidence is in serious conflict as to whether Doty was there at the time the shots were fired. It is admitted that LeRoy Wade did not warn him of the condition when he came back after the shots were fired, as this witness testified he did not warn him because Doty knew of the condition. The statement by LeRoy Wade that Doty was there was contradicted. The statement that Doty knew of the condition of the tailing pile is pure conclusion, and whether he was there and knew of the condition was a question for the jury to determine. For many years this court has followed the rule without exception that, if there is any testimony reason-

ably tending to support the verdict of the jury and the verdict has been approved by the trial court, the judgment will not be disturbed on appeal. Walker v. Oklahoma Natural Gas Co., 188 Okla. 241, 107 P. 2d 997; Wells v. Mayer, 185 Okla. 355, 91 P. 2d 784.

We have noticed the argument that if there was any negligence of the foreman, LeRoy Wade, or others in failing to warn Doty, it was the negligence of a fellow servant, and the cases cited in support thereof. In Kreps v. Brady, 37 Okla. 734, 133 P. 216, the fellow servant rule was applied where it was charged that a driller failed to help a worker tie a rope about the worker which was to be used as a guard by the injured party. In Singer Sewing Machine Co. v. Odom, 172 Okla. 411, 45 P. 2d 473, it was claimed that a fellow servant dropped a sewing machine on the foot of the injured party.

It is the duty of the master to warn his employees of dangers arising out of the progress of work which are known to him and unknown to them, and this is a nondelegable duty. Thurlow v. Failing, 133 Okla. 277, 272 P. 368; Oklahoma Gas & Electric Co. v. Oliphant, 172 Okla. 635, 45 P. 2d 1077; Joy v. Pope, 175 Okla. 540, 53 P. 2d 683; Lewhitham Construction Co. v. Remer, 105 Fed. 2d 371; Iriquois Furnace Co. v. McRea, 91 Ill. App. 337, 61 N. E. 79, 191 Ill. 340; Shannon v. Consolidated Tiger & Poorman Mining Co., 24 Wash. 119, 64 P. 169; Ryan v. Chelsea Pipe Mfg. Co., 69 Conn. 454, 37 Atl. 1062, and Pigeon v. W. P. Fuller & Co., 156 Cal. 691, 105 P. 976. In Joy v. Pope, supra, it is stated that the master's obligation to provide reasonably safe methods for performance of the servant's work is a nondelegable duty, neglect of which imposes liability for resulting injury irrespective of fellow servants. In Pigeon v. W. P. Fuller & Co., supra, it is stated that the duty to warn of danger in the progress of the work is a personal duty of the employer and one that cannot be delegated to subordinates. Knudson v. La Cross Stone Co., 145 Wis. 394, 130

N. W. 519, cited and relied upon by the defendants, appears to be contrary to the above announced rules.

We have carefully reviewed the evidence and are convinced that it supports the verdict and judgment rendered thereon.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.