MINGENBACK et al. v. HOWELL et ux.

No. 34709. Dec. 11, 1951.

*238 P. 2d 1093.*

McMahan, Loofbourrow & Loofbourrow, Boise City, for plaintiffs in error.

Hughes, Ogden & Ogden, Guymon, for defendants in error.

GIBSON, J. The parties will be referred to in the order of their appearance in the trial court.

E. C. Mingenback was the owner of three sections of land in Cimarron county, Oklahoma. He and co-defendant Paul Eisenbart, both residents of Kansas, were copartners in the operation of certain farm lands in Kansas and Oklahoma, including the above lands, and they owned a considerable amount of farm machinery.

Plaintiff Max Howell was a farmer. In February, 1946, the parties entered into an oral agreement whereby Howell and his wife were to farm the above mentioned lands. The testimony is in sharp conflict as to some features of the agreement, but the parties all agree that plaintiff was to receive two-sevenths and the defendants were to receive five-sevenths of the profits of the joint venture for the year 1946, and expenses were to be divided in the same ratio. In addition, Max Howell was to receive $575 for his labor in planting and caring for the crop until it was laid by, and Mrs. Howell was to be paid $1 per day for board for extra laborers, when needed.

The evidence was in sharp conflict as to whether Mrs. Howell was a party to the agreement and as to whether or not Mingenback, the owner, was to be paid one-fourth of the farm income as rent. Defendants owned more machinery, of greater value, than that owned by plaintiffs, and for that reason the parties agreed upon the aforesaid division of the profits.

Aside from the item of rent to the landowner, the principal disputes between the parties concerned deductions of expense items, claimed by defendants as proper, before there was to be a division of the profits. Included in these items was a contested claim by defendant Mingenback of rental for the use of a tractor which plaintiffs claim was purchased in good faith and used until the crop had matured, when Mingenback rescinded the sale and later repossessed the tractor without plaintiffs' knowledge or consent. Defendants contended that Mingenback was entitled to rentals for use of the tractor, which plaintiffs had agreed to furnish in the enterprise. All of these contested items were submitted to the jury for its consideration, under instructions to which no party excepted. There were no requests for additional instructions.

In their brief defendants, as plaintiffs in error, present two assignments of error: error in overruling their motion for new trial, and that the verdict and judgment were excessive under the evidence.

The debt sued upon in plaintiffs' second cause of action was confessed by defendants, and the court directed a verdict thereon. Count one of the petition provides the only contest. Plaintiffs alleged the oral agreement wherein they were to receive from defendants two-sevenths of the net profits of the farming operations. They further alleged performance of the contract; that

11,000 bushels of grain was produced and sold, and that after deduction of the expenses plaintiffs' share was in the sum of $1,684.26. Defendants filed an answer and cross-petition wherein they itemize various items of expense and claimed credits and say that as a result plaintiffs are indebted to defendants in the sum of $229.72 for which they pray judgment.

The jury after consideration of all of the evidence returned a verdict for plaintiffs on their first cause of action in the sum of $1,500.

No demurrer to plaintiffs' evidence was interposed, and no request for additional instructions, peremptory or otherwise, was offered by defendants, and no exceptions were saved to instructions given. The evidence as to many of the items claimed by defendants as credits or deductions was conflicting. There was serious conflict as to the terms of the oral agreement under which the entire venture was conducted.

"Where the evidence is conflicting, but there is sufficient evidence introduced by plaintiff upon which the jury could reasonably predicate their verdict, and instructions given by the court are free from error, this court, upon appeal, will not reverse the judgment." Oklahoma State Bank, etc., v. Ward, 127 Okla. 45, 259 P. 644; Beatty v. Moore, 113 Okla. 105, 239 P. 570; Denver Producing & Refining Co. v. Meeker, 199 Okla. 588, 188 P. 2d 858.

In their complaint that the jury's verdict was excessive, defendants argue that defendant Mingenback was entitled to the customary one-fourth rent both under the agreement and independent of the agreement. This question of rent was an issue in the case. Plaintiffs say that there was no agreement to deduct the rent before division of the proceeds. It is plaintiffs' theory that defendants were to furnish the land and machinery and plaintiffs were to furnish their labor, farming skill and machinery, and plaintiffs testify positively that there was no agreement to pay rent. Mingenback was the owner of the land and negotiated the agreement and defendants say positively that the rent was to be deducted. The question as to which of the parties was correct was submitted to the jury and by their verdict they have agreed with plaintiffs' version as to what the contract provided.

The effect of the jury's verdict is to hold that there was no agreement to pay rent to the owner. Defendants next say that independent of an agreement the landlord is entitled to compensation under the statute, citing Tit. 41 O. S. 1941 §19, as follows: "The occupant of any lands, without special contract shall be liable for the rent to any person entitled thereto." Defendants cite several cases construing the statute with emphasis on Exchange Bank of Commerce v. Meadors, 199 Okla. 10, 184 P. 2d 458. In that case it is true that we quoted the statute. But we also held that there was an existing contract providing that no rent was to be paid, and such an agreement was held to be binding upon the parties. The statute does not prevent the owner from agreeing to an occupancy of his real estate without a rental charge or, as the jury must have believed in the instant case, agreeing to permit use of the real estate in carrying out the agreed project with the expectation of profits from its operation.

The parties are not in agreement as to the character of action presented. Defendants say that it is an equitable proceeding for an accounting, in which the jury's verdict was merely advisory, and it was the duty of the court to render a proper judgment irrespective of the verdict, and for this reason Mingenback should have been allowed rent for his land. We do not agree. The action was commenced as a suit for moneys due under an oral agreement to participate in the profits of this joint undertaking. Issue was joined and items of claimed credits and charges were pleaded. These issues were presented to the jury to enable them to determine the amount due respective

parties, under the contract. Throughout the trial the parties and the court proceeded under the theory of this being a suit for money due on an oral contract.

"Where a party has tried his case and submitted the same to the jury or the court upon one theory, if the verdict and judgment of the trial court are against him, he will not be permitted to try the case upon a different theory in this court." Bounds v. Gooch, 92 Okla. 260, 219 P. 105; United States Fidelity & Guaranty Co. v. State ex rel., 169 Okla. 59, 36 P. 2d 47.

The jury has decided controverted issues of fact. There is evidence reasonably tending to support the verdict and the trial judge approved it.

"If there is any testimony reasonably tending to support the verdict of the jury, and said verdict has been approved by the trial court, the judgment will not be disturbed on appeal." Britt v. Doty, Adm'x, 195 Okla. 620, 161 P. 2d 521.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.