Roselie SHUMAKER, Plaintiff in Error,

v.

S. Paul HAZEN, Defendant in Error.

No. 39646.

Supreme Court of Oklahoma.

June 19, 1962.

Grant C. Aadnesen, Salt Lake City, Utah, Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error.

Robert W. Raynolds, J. W. Hastain, Tulsa, S. Paul Hazen, Tulsa, pro se, for defendant in error.

JOHNSON, Justice.

The defendant in error, hereinafter referred to as plaintiff, filed this action against plaintiff in error (defendant) in the District Court of Tulsa County, Oklahoma, alleging in his first cause of action that defendant was the owner of 12,700 shares of the capital stock of the Utex Exploration Co., a mining corporation; that the defendant employed plaintiff to investigate said company and effect a sale of such stock; that the commission for such sale was to be from five percent to eight percent, depending on the sale price; that plaintiff could have made a sale of such stock for $5,416,639.00, but defendant refused to consummate said

sale thereby damaging plaintiff in the sum of $379,164.00.

The plaintiff in his second cause of action alleged that at the special instance and request of defendant he performed numerous services for defendant in building and equipping an ice plant at Moab, Utah, and in making numerous trips and advising and consulting with defendant over a long period of time concerning various phases of her business affairs, for all of which services plaintiff prayed $306,394.00 on his second cause of action.

For her answer to the plaintiff's petition defendant interposed a general denial; that the authority of plaintiff was that set forth in the power of attorney and contract attached, and that plaintiff failed to effect a sale of such stock, and prayed that plaintiff take nothing.

In reply to defendant's answer, the plaintiff pleaded a general denial and that the matters set forth in the answer failed to constitute a defense inasmuch as defendant prevented plaintiff from carrying out the contract.

Upon trial of the case before a jury, a verdict was rendered against defendant for $71,394.80, for which judgment was entered for the plaintiff and from which this appeal is perfected.

While the record in this case is long and involved, the issues are simple.

At the close of the evidence the court sustained defendant's demurrer to the evidence in regard to the first cause of action, from which ruling no appeal has been taken by plaintiff, and therefore we are not concerned with the correctness thereof.

Before considering the several propositions submitted for our consideration, the following should be borne in mind:

1. There was no plea of fraud in any of the pleadings of the defendant.

2. In the opening statement of counsel for defendant it was admitted that defendant was indebted to plaintiff, and it was only a question of the amount.

With these things in mind, we consider the contentions of defendant ad seriatim.

■ The first contention of the defendant is: "There cannot be an express and an implied contract for the same thing existing at the same time. No agreement can be implied where there is an express contract."

As a general proposition of law, the statement of counsel is correct, but its application is limited to a situation which does not exist here. The letter constituting the contract between these parties reads as follows:

"* * * This will confirm an oral agreement which we have made this date. For and in consideration of the services rendered and to be rendered by me in negotiating for a sale of your stock in Utex Exploration Company, it is agreed that upon a satisfactory sale of said shares that I will be entitled to a commission therein in an amount mutually agreed by us at that time. * * *"

It will be observed that this agreement covers only a situation where a sale is made. It does not purport to cover conditions where a sale is prevented by act of the proposed seller. In such a case, the law implies an agreement to pay for the services rendered. In Williamson v. Winningham, 199 Okl. 393, 186 P.2d 644, it was said in the first paragraph of the syllabus by the court:

"Where a petition declares upon an express contract but negatives full performance of it because of defendant's wrongful act, a recovery for debt may be had upon a quantum meruit."

This was not a suit upon the written contract set out above, but was a suit upon the implied contract brought into being by defendant's acts.

In Elwood Oil & Gas Co. v. McCoy et al., 72 Okl. 97, 179 P. 2, the second paragraph of the syllabus reads:

"Where a party to a contract was wrongfully prevented by the other from entirely performing his part of the con-

tract, the party prevented from performing will be entitled to recover the value of the services performed by him."

We are of the opinion and hold that the matter sued upon was the right to recover for services where the performance of the contract has been prevented by the adverse party.

█ The issue of whether or not the defendant prevented plaintiff from performing was properly not submitted to the jury for the determination for the defendant in counsel's opening statement admitted liability. Therefore, the matter of the amount was the only issue submitted to the jury and properly so.

The defendant next contends that "Plaintiff's evidence in this case shows beyond dispute his lack of good faith and loyalty to defendant; it shows plaintiff's efforts were designed to further his own interests at the expense of defendant and that the revocation of his power of attorney was not wrongful."

█ The power of attorney in this case provided that it should be "irrevocable" for a period of one year. The law is well settled that a principal may revoke an agent's authority at any time and is not at all affected by the fact that there is an express or implied contract that the agency is irrevocable unless the power is coupled with an interest. 2 C.J.S. Agency § 73, p. 1153; Cloe v. Rogers, 31 Okl. 255, 121 P. 201, 38 L.R.A.,N.S., 366, and McKellop v. Dewitz, 42 Okl. 220, 140 P. 1161, 52 L.R.A.,N.S., 255. We hold that under the cited cases this was not a power coupled with an interest.

█ Therefore, the power to revoke is beyond question but subject to the qualifications set forth in the fourth paragraph of the syllabus in the McKellop case, supra.

"The principal, having the power to revoke an agency, is liable in damages if, by the revocation, substantial injury is sustained by the agent."

The defendant was therefore answerable in damages.

The third contention of defendant is stated thus: "Inherent in the court's order and judgment sustaining defendant's demurrer to his first cause of action is the determination of the issue that the power of attorney was rightfully cancelled; but if it can be said that said issue still remained in the trial of the second cause of action, it was a decisive issue in the case and the court's failure to instruct thereon was prejudicial error."

We are not impressed with this contention. The sustaining of the demurrer to the evidence in so far as the first cause of action was concerned merely dismissed the cause based upon the written contract but did not dispose of the claim for damages allowed under the cited cases, supra.

Here again, there having been an admission of liability by counsel, nothing remained but to properly instruct the jury on the necessary damages. Throughout the opening statement of defendant's counsel, admissions of liability were made, but to clarify the record we quote only one at the conclusion of the opening statement.

"* * * In substance, that is our position in the case, and if we are correct about it and if we are honorable about it, and the truth of it, your verdict in this case will be for the reasonable value of this man's services on his trip to Denver, it will be the reasonable value of his services in connection with anything else he did for Mrs. Shumaker, not Johnson, under a written contract with Johnson, but anything he did for her, she has always wanted to pay him, and wants you to return a verdict for whatever that is and she will pay him, and I thank you for the attention you have given me."

█ The fourth and last contention of defendant is that "It was prejudicial error for the court to instruct the jury, as he did in Instruction No. 4, that in deciding the amount to be awarded to plaintiff, if any, the jury should take into consideration

plaintiff's work in contacting possible purchasers for defendant's stock, and the importance of gathering evidence as to the worth of her stock and property. The court further erred when it refused defendant's requested instruction which excluded from consideration of the jury, activities of plaintiff in trying to sell defendant's stock under plaintiff's written power of attorney and written agreement of December 4, 1956."

Instruction No. 4 given by the court read:

"In your verdict for the plaintiff, you are instructed that in deciding upon the amount of money, you may consider the following, among other things: The nature and extent of the services performed, the time devoted to her affairs and the trouble involved, the responsibility attached to this kind of matter, the responsibility placed on plaintiff by Mrs. Shumaker, the seriousness of the controversies between Mrs. Shumaker and other members of the corporation, the conferences held in connection with her affairs, the importance of his work in investigating for her and her attorneys, his work in contacting possible purchasers of her stock, the importance of gathering evidence of the worth of her stock and property, his negotiations for settlement of claims against her, the difficulties encountered by him in handling her affairs, her situation prior to the beginning of his services, the skill required by him and the benefits she received from his services, the amount of money involved and the value of property involved and the importance of the matters to Mrs. Shumaker."

In this connection, the defendant requested the following instruction:

"You are instructed that on December 4, 1956, the defendant herein executed her power of attorney authorizing the plaintiff to negotiate with the officers, directors, and stockholders of Utex Exploration Company for the sale of the shares of common stock of that corporation owned by the defendant, and that said power of attorney further

authorized the plaintiff to negotiate with third persons for the sale of said stock; and that said power of attorney further authorized plaintiff to demand from Utex Exploration Company the right to inspect any and all geological reports, financial statements, and any and all other information held by Utex bearing upon the value of the shares of stock in said corporation owned by the defendant. The said power further authorized the plaintiff to negotiate any and all controversies which existed at the time of the execution of the power, or any controversies that might thereafter arise between the defendant and Utex Exploration Company. The plaintiff was further authorized in said power of attorney to commence and prosecute to final judgment, for and in the name of the defendant, with the counsel of the defendant, a certain law firm in Salt Lake City, Utah, any suits or actions which might be deemed necessary for the purpose of removing any restrictions upon the sale of defendant's stock in Utex Exploration Company.

"On that same date, that is to say, the 4th day of December, 1956, plaintiff and defendant agreed in writing that for and in consideration of the services rendered by plaintiff in negotiating for a sale of the defendant's stock, that upon a satisfactory sale of said shares of stock plaintiff would be entitled to a commission in an amount mutually agreed by the parties at that time.

"The evidence in this case shows that defendant revoked plaintiff's power of attorney on the 15th day of April, 1957.

"You are therefore told that plaintiff may not recover for any services he performed in connection with the matter of negotiating with officers of Utex Exploration Company in the prosecution of the suit brought in the federal court which has been referred to in this evidence, or for services rendered the defendant for anything done by plain-

tiff in attempting to carry out the provisions contained in said power of attorney. This is true since the written contract between the parties did not provide for compensation to plaintiff for his services until a satisfactory sale of the stock was effected. The undisputed evidence in the case is that such stock was never sold. You are told that the acts of the plaintiff during the period of time between December 4, 1956, and April 15, 1957, were performed and done by him in an effort to carry out the terms of the written contract and were not services performed for the defendant for which he may recover in quantum meruit.

"(Sgd) Eben L. Taylor
"Judge

"Given    No.
"Refused    Yes.
"Exception    Yes."

As heretofore indicated, the power of attorney could be revoked under the law, and under the authorities, supra, where defendant prevented the consummation of the transactions contemplated, recovery of damages may be had. The requested instruction contained the following:

"You are therefore told that plaintiff may not recover * * * for services rendered the defendant for anything done by plaintiff in attempting to carry out the provisions contained in said power of attorney. * * *"

This was clearly erroneous and in conflict with the measure of damages established by this court in Cloe v. Rogers, supra, wherein it is said:

"Where, after plaintiff has entered upon his duties, and expended time and money in carrying out a contract of agency for the sale of lots in a townsite addition, wherein his compensation and gain was to be derived from profits made in the venture, the defendant, without just cause, revokes the agency established, plaintiff is entitled to recover as damages the profits which he may be able to show he would have made under the contract, where the same are shown to have been in the contemplation of both parties, at the time of the making of the contract, as the natural and proximate consequence of its breach by the defendant, and in determining the same, and the amount recoverable, all facts relating to the subject-matter of the contract and concerning the execution thereof known to both parties, and all facts which would reasonably tend to make certain the amount of injury inflicted, are admissible; the jury, however, being instructed and cautioned in coming to its conclusion not to deal in speculative conjectures in drawing its deductions from the evidence offered."

We are of the opinion that Instruction No. 4, supra, incorporated the proper measure of damages and was entirely proper, especially in view of the admissions of liability by defendant.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, IRWIN and BERRY, JJ., concur.