Roy WiCKHAM, Plaintiff in Error,

v.

Margaret BELVEAL, Defendant in Error.

No. 39736.

Supreme Court of Oklahoma.

Oct. 15, 1963.

Streeter Speakman, Jr., Loeffler & Allen, Sapulpa, for plaintiff in error.

Young, Young & Young, By David Young, Sapulpa, for defendant in error.

WELCH, Justice.

From the judgment entered on a jury verdict in favor of the plaintiff, the defendant seeks reversal and remand of this cause for a new trial. Reference will

be made to the parties to correspond with their respective positions in the trial court. Our study of the briefs submitted on behalf of the parties, and our examination of the record leads to the conclusion that the judgment of the trial court was free of material error and should be affirmed.

■ Defendant first contends that plaintiff's suit is on an alleged express oral contract to be performed for a stated consideration alleged in the petition to have been performed by plaintiff up to a time when the contract was breached by defendant, and that plaintiff therefore may not recover on the basis of quantum meruit.

Our examination of the record reveals the petition's allegations of an oral contract whereby the defendant was to purchase and provide up to 500 mares, with stallions for their breeding, in consideration of plaintiff's attending to them, keeping records on and supervising the breeding of the mares, for half the colts raised. The length of time contemplated by the parties for the continuation of such program was not specified. The petition alleges that plaintiff performed obligations imposed upon her by that contract for between nineteen and twenty months, working six hours a day on the average, and seven days a week, and that her labors were reasonably worth $2.00 an hour, until defendant breached his contractual obligation aforesaid by terminating her services. The prayer for judgment was for $7,560.-00. The evidence adduced by plaintiff tended to support the allegations of the petition and, though the existence of the alleged contract, as well as the quantity of hours worked by plaintiff, was contradicted by defendant's evidence, the testimony offered by plaintiff supported a declaration upon quantum meruit.

As we held in Brown v. Wrightsman, 175 Okl. 189, 51 P.2d 761, it is only where there is no express contract that the rule as to quantum meruit applies, which stated conversely, means that quantum meruit applies in an action for debt on implied contract in the absence of an express contract. The defendant contends that the present action is on an unenforceable express contract rather than a wholly invalid one. He does not mention the statute of frauds as such, but says that it is unenforceable because the exact commitments of the parties are not spelled out and made clear and the termination date is not mentioned. Therefore, as in cases involving contracts not deemed to be perpetual, the absence of a termination date to a contract makes it terminable by either party on reasonable notice. 17A C.J.S. Contracts, § 398; 12 Am.Jur., Contracts, § 305.

■ Considering the proposition as presented, we point out that the rule enunciated by this court by the first paragraph of the syllabus in Foster v. Atlas Life Ins. Co., 154 Okl. 30, 6 P.2d 805, makes "reasonable notice" unnecessary. It reads:

"A contract of employment which does not by its terms fix any period or duration between the parties, and its duration is indefinite, may be terminated by either party at any time."

■ See, also, Willock v. Downtown Airpark, D.C., 130 F.Supp. 704. However, we held in Sooner Broadcasting Co. v. Grotkop, Okl., 280 P.2d 457, the right of one party to terminate the contract at will should not operate to deprive the other of just compensation in the form of commissions earned during his employment.

The petition in the case now before us alleges damages received on account of defendant's breach of the alleged contract. It also declares, however, upon an implied contract, or debt, for payment of the reasonable value of plaintiff's services and labors. The situation is distinguishable to those considered in Dunn v. T. J. Cannon Co., 51 Okl. 382, 151 P.2d 1167, and Oklahoma Natural Gas Co., v. Herren, 200 Okl. 480, 195 P.2d 278, cited by defendant, which concerned declarations upon express contracts only. The instant petition declared also upon debt for labor.

The petition before us declares upon express contract the full performance of which was prevented by the act of defendant in terminating the same which act may be said to have aroused from dormancy, or activated an implied contract to compensate plaintiff for the reasonable value of plaintiff's labors and services. The fact that the defendant at will could rightfully terminate the express contract may not be used as an instrument to avoid payment to plaintiff of the reasonable value of services rendered defendant over a period of seventeen or eighteen months. Sooner Broadcasting Co., v. Grotkop, supra.

In Shumaker v. Hazen, Okl., 372 P. 2d 873, we quoted with approval the following language from Williamson v. Winningham, 199 Okl. 393, 186 P.2d 644, to-wit:

"Where a petition declares upon an express contract but negatives full performance of it because of defendant's wrongful act, a recovery for debt may be had upon a quantum meruit."

 It is not essential that there be an express contract to pay for the recovery of compensation for work and labor as the law will, in a proper case, imply a promise to pay reasonable compensation therefor. Performance and acceptance of services constitute a sufficient consideration to support a promise implied in law to pay for them.

 Defendant next urges that a recovery by plaintiff of a money judgment for services performed for the defendant is not permitted here because the relationship created by the parties was in the nature of a partnership or joint adventure, and the court should have so instructed the jury, the contribution of defendant being horses, feed and facilities, and plaintiff's contribution being her time and services in the furthering of the operation. Recognizing that a joint adventure may exist in which one of the parties contributes nothing but services, the relationship of the parties as shown by the record indicates a contract of employment rather than joint

adventure. While primarily there · seems to have been intended a sharing of profits of the venture, the acts and conduct of the parties did not result in plaintiff acquiring the essential element of joint proprietorship, and right of joint control of the project that are characteristics of partnership or joint adventure.

 The defendant did not in the trial dispute his sole proprietary capacity or singleness of control of the properties of the program. He demonstrated such sole ownership and control by moving to western Oklahoma the two principal stallions being used by plaintiff in connection with the over-all program. The evidence did not show that plaintiff consented to such transfer or that she was consulted about discontinuing that phase of the breeding program. The record does not elsewhere indicate any assertion by plaintiff of joint control with defendant of the venture or of joint proprietorship of the assets thereof. We cannot say that there was shown a joint adventure of the parties, rather than an agency or employment relationship, such as would bar a recovery by plaintiff from the defendant, or that would indicate the commission of error by the court in failing to instruct the jury on joint adventure. In this connection it is observed that the defendant did not contend in the trial that a joint adventure existed nor did he contend that plaintiff was limited to relief in an accounting in equity, that theory being raised for the first time on appeal here, and under the rule enunciated by this court in Mingenback v. Howell, 205 Okl. 475, 238 P.2d 1093, it will not effect reversal. Defendant's general denial did not plead such defense nor was it raised on his motion for new trial or petition in error. Failure to instruct upon it did not constitute error.

 It is contended that in instructing the jury the language of the trial court's statement of the case too closely resembled that of the pleadings which served to impress plaintiff's claim upon the jury to defendant's prejudice since defendant's

only pleading was a general denial and since, also such statement referred to plaintiff's allegation in her petition that her half of the colts was worth $6,000.00, and the property right in the contract would have been worth $2,500.00, had the contract been carried out.

We have carefully examined the trial court's statement of the case prefacing its instructions. The statement is in less than 300 words. It briefly summarized the petition and answer. We think it did not serve to comment upon the weight of the evidence.

The instructions as a whole appear to have fairly submitted to the jury the issues involved with the amounts set forth in plaintiff's petition included in the trial court's statement of the case.

In Chicago, R. I. & P. Ry Co. et al. v. Odom, 178 Okl. 131, 61 P.2d 1083, it was said in syllabus two:

"It is the duty of this court, in reviewing instructions for the purpose of determining whether or not substantial error has been committed, to consider such instructions as a whole. If the instructions, when so considered, are found to have fairly submitted the issues to the jury, the cause should not be reversed merely because individual instructions standing alone may be subject to criticism."

■ Defendant complains that his objection to the testimony of plaintiff's witness, Bruce, as to the value of non-professional services outlined in an involved hypothetical question was overruled. The witness qualified his answer to the hypothetical question by explaining that he was without knowledge of the qualifications of the person described in the hypothetical question. Upon further questioning and requests that he assume certain facts the witness expressed an opinion that such services would be valued at from $400.00 to $600.00 a month. The testimony of the witness was offered to support the testimony of the plaintiff that her services

were worth $2.00 an hour for an average of 180 hours a month.

■ Despite the apparent attempt by the witness to carefully qualify his answer to the question propounded, the answer might possibly have been arrived at from the experiences of ordinary individuals. The answer does not appear to have necessarily required the opinion of an expert veterinarian or the opinion of one qualified to practice artificial insemination. But in the event the estimate of value was uniquely within the realm requiring expert testimony, it does not appear that the trial court abused its discretion by admitting the answer and opinion of Mr. Bruce. This conclusion is supported by numerous decisions set forth in Oklahoma Digest, Vol. 2A. Appeal and Error, ■ The question of the competency and qualifications of a witness, not being based upon any statutory provision, is addressed to the sound judicial discretion of the trial court, and its ruling thereon will not be disturbed except for abuse resulting in manifest prejudice to the rights of the complaining party. We think the trial court did not abuse its discretion here.

Defendant's contention that plaintiff's counsel was guilty of misconduct in asking questions outside the issues for the purpose of casting reflection upon the defendant and prejudicing the jury has encouraged our careful scrutiny of the record. It is suggested that the extended interrogation of defendant concerning his presumed connection with a solvent and well-known packing company was for the purpose of attempting to fix in the minds of the jury that a person of financial resources had sought to take advantage of Mrs. Belveal. The prejudicial effect of evidence as to a party's financial circumstances posed by questions intended to arouse the sympathy or passion of the jury is discussed in 5 Am.Jur.2d, Appeal and Error, Sec. 801, p. 243.

■ In Yoast v. Sims, 122 Okl. 200, 253 P. 504, we held that the fact that the jury is admonished not to consider the

question asked nor the answer given does not in all instances serve to cure the error. We notice in the instant case that the witness' answer was in the negative. Regardless of what his answer was or might have been, however, it is not necessary for us to determine that the complained of examination of the defendant served to prejudice the jury to the extent that defendant was denied a fair trial. The question is whether the trial court acted arbitrarily or abused its discretion. We have recognized that a trial court is in a better position to appraise the fairness of a proceeding before it than can be gathered by a review of the record by the appellate court; that by the overruling of a motion for new trial the trial court concluded that the matter complained of was not prejudicial; the trial court is given a wide discretion and it will require a clear showing of manifest error and abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court. Houston v. Pettigrew, Okl., 353 P.2d 489.

 Lastly, defendant says the judgment entered upon the jury's verdict is contrary to and not supported by the evidence and that the second syllabus in our decision in Cities Service Oil Co. v. Dacus, Okl., 325 P.2d 1035, requires a reversal of the trial court's judgment. In that case we said where there is no evidence tending to establish a material issue submitted to the jury under the instructions, the verdict will be set aside. Here, the defendant does not contend that the plaintiff introduced no evidence at all, but he asserts that the evidence offered by plaintiff was inherently improbable and difficult to believe. Probably it so appeared to defendant. But plaintiff's testimony was not unsupported. The evidence of the parties conflicted sharply. We deem applicable here the rule of cases digested under Appeal and Error, Section 1002 to the effect that the verdict of a jury on an issue of fact in an action of legal cognizance will not be disturbed where there is evidence

reasonably tending to support the same, and where no prejudicial error of law appears. See, also, Cherry v. Watson, 88 Okl. 54, 211 P. 79.

There appearing no reversible error in the record, the judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.

BERRY, J., dissents.