## BROWN v. WRIGHTSMAN.

No. 23949. Oct. 1, 1935.

Rehearing Denied Dec. 3, 1935.

Roscoe E. Harper and Gentry Lee, for plaintiff in error.

Christy Russell, for defendant in error.

PER CURIAM. Plaintiff filed his petition on April 9, 1931, seeking balance due on salary, declaring on a written contract as shown by correspondence between him and defendant as follows:

"November 23, 1925.

"Mr. Harry J. Brown,
"Tulsa, Oklahoma.

"Dear Mr. Brown:

"Commencing November 15, 1925 I hereby agree to continue your services as general manager of the Wrightsman Petroleum Company and its associated and affiliated companies, and of my personal business, for a period of two years, at a salary of ten thousand dollars ($10,000) per year, payable in equal monthly installments; subject to the authority which I may hereafter give you, and, in my absence, subject to the authority which may be given you by my son, C. B. Wrightsman.

"In the event, however, of a merger of my oil producing interests with other companies, the nature of which is not at the present time possible to determine, it is to be expressly understood that your contract as general manager shall not extend to such new organization, but that nevertheless your salary shall continue in behalf of my interests as previously, in affairs outside of said future undertakings, it being understood of your agreeableness to extend your services in behalf of new business organizations on such future basis as may be worked out between us.

"Yours very truly,
"(Sgd.)      C. J. Wrightsman.
"CJW-W

"Accepted by me this 22nd day of March, 1926.

"(Sgd.)      Harry J. Brown.

"Whenever conditions cease to be mutually agreeable, either party may terminate this agreement by giving the other party thirty days notice.

"(Sgd.)      C. J. Wrightsman.
"(Sgd.)      Harry J. Brown."

In connection with the correspondence, on April 5, 1926, plaintiff sent defendant his written resignation terminating his employment as of date May 5, 1926, as follows:

"April Fifth, 1926.

"Mr. C. J. Wrightsman,
"Wrightsman Petroleum Company,
"Tulsa, Oklahoma.

"Dear Mr. Wrightsman:

"Please accept my resignation as general manager of the Wrightsman Petroleum Company and your associated interests, to be effective thirty days from date.

"Very truly yours,
"(Signed)      Harry J. Brown."

Plaintiff originally declared on two counts, the first seeking recovery upon the written

contract contained in the above correspondence, and second upon a "quantum meruit", in each praying for his salary for the month of April, 1926, in the sum of $833.33, and for four days in May in the sum of $111.10, or a total of $944.43.

Defendant, among other things, pleaded the statute of limitation and fraud, and further pleaded that while plaintiff was in defendant's employ he agreed to and did give his services to Messrs. Gault & Dings, who were engaged in the competing oil business.

Plaintiff dismissed his second cause of action, and introduced the above correspondence, and further testified that he had performed his services to the defendant up to and including the 4th day of May, 1926.

Defendant interposed his demurrer to the evidence, and the trial court sustained the demurrer, to which plaintiff excepted, and this cause is properly before this court on the correctness or error of the trial court in sustaining the demurrer.

The letters constituted the written contract. The proposition made by the defendant for plaintiff's services payable by the month, as shown by the letters, was made November 23, 1925, and accepted by the plaintiff on March 22, 1926, and was terminated as of May 5, 1926, by letter written by plaintiff April 5, 1926, the plaintiff having ceased to work for defendant on the evening of May 4, 1926. Suit was instituted on April 9, 1931.

Section 101, subd. 1, Okla. Stats. 1931, provides that an action upon any contract, agreement or promise in writing shall be barred in five years after the cause of action shall have accrued. In this case, the cause of action, under the law, did not accrue until May 5, 1926. The suit having been brought on April 9, 1931, it would not be barred under this statute. Consequently, the demurrer should not have been sustained on the statute of limitation plea.

Plaintiff's testimony was that he devoted his time to the defendant's business every day after he had given his 30 days' notice on April 5th, until the evening of May 4th. It is true that plaintiff had correspondence with Gault & Dings with reference to working for them after his 30 days' notice of resignation. The record is replete with repeated tenders to plaintiff by defendant of $833.33, the amount of the April salary. Plaintiff continuously refused the check for the reason that the check recited it was in full settlement of all claims of plaintiff against defendant.

Defendant, up to the time of trial, had made no bona fide claim that he did not owe the plaintiff his salary under his contract for the month of April. The plaintiff admitted that he had entered into correspondence with Gault & Dings with reference to future employment, but stated he had given defendant his entire services up to the evening of May 4, 1926. This agreement with Gault & Dings would not prevent plaintiff from recovering whatever was due on his salary.

After the plaintiff rested, the court sustained the defendant's demurrer to the evidence.

The rule for the guidance of the trial judge has been announced by this court in numerous cases.

This court, in the case of Walker v. Mc-Cray, 132 Okla. 18, 269 P. 279, announced the rule as follows:

"It is well settled in this jurisdiction that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove and all inferences and conclusions which may be reasonably drawn therefrom, and, upon demurrer to the evidence, the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove."

See, also, the case of Roach v. DeArman, 143 Okla. 49, 287 P. 399, and Western States Oil & Land Co. v. Helms, 143 Okla. 206, 288 P. 964.

On the question as to whether or not this was a suit on contract, or a "quantum meruit," the rule of "quantum meruit" applies only where there is no express contract. Where a person performs services without a written contract, the law implies an agreement to pay what is reasonable, meaning thereby what he reasonably deserves. This is what the Latin term "quantum meruit" really means.

We quote from vol. 4 Words and Phrases (2d Series) p. 79: ·

"In an action on an express contract alleged to have been performed by the plaintiff, there can be no recovery on a 'quantum meruit.' * * * When a person employs another to do work for him without any agreement as to his compensation, the law implies a promise from the employer to the workmen that he will pay him for his services as much as he may deserve or merit."

This doctrine is announced in the case of Wade v. Nelson (Mo. App.) 95 S. W. 956. and is the universal rule in Oklahoma.

The evidence shows without contradiction that the defendant agreed to pay the plaintiff at the rate of $833.33 per month.

If defendant contends that the plaintiff breached his contract and is not entitled to the full amount, such plea would be for breach of the contract and would be a matter of defense.

The trial court erred in sustaining the demurrer, and this cause is reversed and remanded.

The Supreme Court acknowledges the aid of Attorneys R. R. Bell, Mont Powell, and Byrne A. Bowman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bell, and approved by Mr. Powell and Mr. Bowman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.