## HUGH BREEDING TRANSPORT, Inc., v. AMERICAN FIDELITY & CASUALTY CO.

No. 25859. Jan. 21, 1936.

M. F. Boddie, for plaintiff in error.

Dudley, Hyde, Duvall & Dudley, for defendant in error.

PER CURIAM. The plaintiff filed its petition in this case on the 24th day of March, 1933, seeking to recover from the defendant certain expenses incurred by the plaintiff in the trial of a certain lawsuit in

the district court of Tulsa county, Okla., entitled "L. A. Coward, Plaintiff, v. Hugh Breeding Transport, Inc., a Corporation," being No. 52868 in said court, and alleges that the expenses of said case in said court of Tulsa county were covered by a certain insurance policy it carried, covering one of the trucks of the plaintiff herein.

The parties appear in this case as they did in the lower court, and will hereafter be referred to as plaintiff and defendant.

After plaintiff had introduced its evidence and rested, the defendant demurred to the evidence of the plaintiff, which demurrer was sustained by the court, and thereafter plaintiff filed its motion for a new trial, which was overruled, from which action of the trial court in sustaining said demurrer and overruling said motion for a new trial, to which plaintiff excepted, this case is appealed to this court.

The rule for the guidance of the trial judge has been announced by this court in numerous cases. This court, in the very recent case of Brown v. Wrightsman, 175 Okla. 189, 51 P. (2d) 761, announced the rule as follows:

"Trial—Demurrer to Evidence of Plaintiff—Consideration. On a demurrer to the sufficiency of the evidence the question presented to the trial court is, admitting the truth of all the evidence of the plaintiff, together with such inferences and conclusions as may reasonably be drawn therefrom, and eliminating all opposing inferences, whether there is any competent evidence tending to support the plaintiff's petition."

See, also, Walker v. McCray, 132 Okla. 18, 269 P. 279; Roach v. De Arman, 143 Okla. 49, 287 P. 399; and Western States Oil & Land Co. v. Helms, 143 Okla. 206, 288 P. 964.

It appears that the action out of which the suit in Tulsa county grew was caused by one of the trucks of the plaintiff being forced off the public highway and into a ditch, by reason of which the plaintiff in the Tulsa case was injured, and this suit is brought to reimburse this plaintiff for the expense of defending the Tulsa suit, which it claims was covered by the policy involved herein.

The petition in the suit filed in the Tulsa court does not name or denominate the truck belonging to this plaintiff, which was involved in the accident, but merely refers to it as a truck belonging to this plaintiff.

The record in this case shows that at the

time of said accident out of which grew the Tulsa suit, the plaintiff in this case had two trucks involved—one known as an Autocar convoy, motor No. 021-85, license No. 762T734, and one certain Chevrolet truck, motor No. T-2463866, and license No. 743T162; that the Autocar convoy was not covered by insurance, but that the Chevrolet truck referred to was covered by an insurance policy. The record also conclusively shows that the Chevrolet truck was being transported from Oklahoma City on top of the Autocar convoy, to some point beyond Tulsa, at the time it was involved in the accident, and that said Chevrolet truck was not being operated.

On this point, Mr. Charles A. Percival, who was secretary-treasurer of the plaintiff at the time of said accident, testified (C.-M., pp. 61 and 62) as follows:

"Q. That was the date that the autocar, which has been referred to in this record, was hauling upon its bed this Chevrolet truck which has also been referred to in the record up to Tulsa? Mr. Owens: We object as incompetent, irrelevant and immaterial; the autocar is not involved in this suit at all; it is the Chevrolet. The Court: He just asked him where the Chevrolet was. Let him answer it. A. The Chevrolet was with the auto. Q. On top of the autocar bed? A. That is what I understand. Q. It was carried from here on up to Tulsa, on or about this date? A. It was over in that neighborhood; it was going beyond Tulsa. Q. It went on to Tulsa? A. It was going beyond Tulsa. Q. Through Sapulpa, and up on the highway beyond Tulsa? A. Yes, sir. Q. That is the autocar and it was hauling on top of its bed this Chevrolet truck? A. Yes, sir. Q. That was on or about March 15, 1932? A. Yes, sir."

We are, therefore, confronted with the fact, at the outset, that the truck which was involved in the accident out of which the Tulsa suit grew was not covered by the insurance policy set out in the record; and that the Chevrolet truck being transported and not being operated there could be no liability.

The plaintiff contends in its brief that the stipulation shown in the record to the effect that the Chevrolet car was the car involved in the accident is erroneous, and sets out in his brief what purports to be a copy of said stipulation. Upon an examination of the stipulation as contained in the record, counsel has omitted one of the most important parts of the stipulation, and that is that the stipulation as shown in the record

does not agree that the Chevrolet truck was the one involved, but does agree that the evidence of the plaintiff in the trial of the Tulsa county case was to the effect that the Chevrolet truck was the one involved.

Plaintiff contends that notice of said accident out of which the Tulsa suit grew was served upon the insurance company. We have searched the record carefully, and the record does not show that notice as required by the policy was ever served on the insurance company.

The accident out of which the Tulsa county suit grew took place on March 15, 1932, and the Tulsa suit was filed on March 21, 1932, in the district court of Tulsa county, Okla., and on April 20, 1932, the plaintiff herein, Hugh Breeding Transport, Inc., a corporation, by Charles A. Percival, its secretary-treasurer, wrote a letter to R. P. Milam, who the record shows was the representative of the insurance company carrying the policy in this case in the state of Oklahoma, which letter is as follows:

"Defendant's Exhibit 2.

"619 West Grand            Telephone 2-6531
       "Hugh Breeding Convoy
              "Oklahoma City, Oklahoma
                     "April 20, 1932.

"Mr. R. P. Milam
    "1318 First Nat'l Bank Bldg.,
       "Oklahoma City, Okla.

"Dear Sir·

"We have employed Mr. Geo. Short of Okla. City, Okla., to defend us in the suit that is now pending in district court at Tulsa, Okla.—Hugh Breeding Transport v. L. A. Coward.

"We are defending this suit since the truck on the highway was not on our insurance policy at the time this accident was supposed to have happened.

              "Yours very truly,
                 "Hugh Breeding Transport
                    "By Chas. A. Percival."

This letter clearly indicated that, at that time, the plaintiff in this case had in mind and knew which one of the trucks was involved in the Tulsa county accident, and that the car involved in the accident was not covered by the policy of insurance. It would seem, and we therefore are of the opinion, that this letter, irrespective of any other questions involved in this case, is clearly decisive of this suit and absolves and releases the insurance company from any

liability it might have had under any policy covering the truck involved in the accident.

We are, therefore, of the opinion, and the court holds, that the record in this case shows conclusively the following:

(1) That there was no policy covering the car involved in the wreck in Tulsa county.

(2) That there could be no liability against the insurance company on account of the accident in Tulsa county by virtue of the policy covering the Chevrolet truck, said truck being transported at the time of the accident.

(3) That even though the policy had covered the truck involved in the accident, there was no notice given as provided under the terms of the policy; and

(4) That the letter, a copy of which is set out in this opinion, written to the insurance company by the plaintiff herein, fully exonerated and relieved the insurance company of any liability in the premises.

We, therefore, conclude that the trial court did not err in sustaining the demurrer of the defendant to the evidence introduced by the plaintiff, and said judgment of the district court is hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys C. S. Walker, I. J. Underwood, and Eben L. Taylor in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court After the analysis of law and facts was prepared by Mr. Walker and approved by Mr. Underwood and Mr. Taylor, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.