PURE TRANSPORTATION CO. v. NEWMAN, Adm'r.

No. 31576. Dec. 12, 1944.

Rehearing Denied Feb. 20, 1945.

*155 P. 2d 977.*

Crouch, Rhodes & Crowe and Phillip N. Landa, all of Tulsa, and Utterback & Utterback, of Durant, for plaintiff in error.

Gomer Smith and Nelson Rosen, both of Oklahoma City, for defendant in error.

OSBORN, J. A judgment was rendered in the district court of Bryan county in favor of J. B. Newman, administrator of the estate of Marion L. Self, deceased, as plaintiff, against the Pure Transportation Company, a foreign corporation, as defendant, for the wrongful death of Marion L. Self. From such judgment defendant has appealed. The parties will be referred to herein as they appeared in the trial court.

The plaintiff by his petition and amendment thereto alleges in substance

that the deceased was employed by the defendant, and while in the course of his employment, under the supervision, direction, and control of Joe J. Fritts, who was acting as defendant's foreman and vice principal, the deceased was assisting in cutting down a tree; that the deceased was inexperienced in this type of work, and the defendant owed him the nondelegable duty to furnish him a reasonably safe place in which to work, reasonably safe tools and equipment with which to work, a reasonably safe method for the performance of the work, and to warn him of the dangers of said work.

That the defendant was negligent in its performance of said duties in that: (1) The reasonably safe and proper method to fell said tree, due to the heavy limbs and the contour of the land, would have been to the east, but the defendant through its foreman negligently and carelessly directed that said tree be felled to the west. (2) That the defendant negligently failed to furnish the deceased with a block and tackle, or ropes and lines to be used in aid of felling the tree in a westerly direction, and to eliminate all possibility of the tree falling in an easterly direction. (3) That the defendant, through its vice principal, was negligent in attempting to fell the tree in a westerly direction without the use of block and tackle or ropes and lines in aid of felling the tree, to eliminate the possibility of the tree falling in an easterly direction. (4) That defendant knew or should have known, through its foreman, that the tree would fall east, and was negligent in not using ropes and lines to cause the tree to fall west, and should have warned the deceased of the danger of the possibility of the tree falling to the east, but instead the defendant, through its vice principal, directed and permitted additional wedges to be driven into the tree in a continued effort to make it fall west, and as a proximate cause of such negligence the tree fell upon the deceased, causing his death.

The defendant by its answer and amended answer denied negligence on its part, pleaded contributory negligence of the deceased, assumption of risk on the part of the deceased, negligence of a fellow servant and unavoidable accident.

The evidence adduced is substantially as follows:

That the deceased was employed by the defendant; that the deceased and a Mr. Cottrill worked under a Mr. Fritts, who was designated as the "boss" or "pusher"; that on the date of the accident, they were engaged in cutting down a tree, which was 30 or 40 feet tall and 3 or 3½ feet in diameter; that Mr. Fritts decided to fell the tree to the southwest and a notch was cut around the tree on the southwest side and the tree was sawed on the opposite side from the notch; that the tree was leaning slightly to the southwest, but the heavy limbs extended to the northeast and southeast, but the heavier limbs were southeast; that the land adjacent to the tree sloped from the west to the east; that the defendant furnished them with saws, axes, hammers, wedges, ropes, chains and a block and line; that the block and line was not at the site of the tree being cut down and was not used in felling the tree; that iron wedges and gluts were driven in the sawed line to keep the saw from pinching and to tilt the tree and make it fall in the direction desired; that the tree was sawed to within one and one-half or two inches of the notch which was the ordinary way of sawing a tree to fell it; that the tree did not fall and the wedges and gluts were driven further into the tree and the deceased notched it more and the tree started falling to the southwest, but turned off the stump and fell to the southeast; that deceased was standing some four or five feet from the tree and when it started falling he ran some 15 to 20 feet to the east and a limb of the tree struck him; that the deceased never regained consciousness and died in 15 or 20 minutes after he was struck.

With reference to the block and line, Fritts testified as follows:

"Q. Where were the lines that you had there—the line equipment—where were they when the tree fell? A. They were on the truck. Q. Where was the truck? A. It was stringing wire. It was behind us. Q. How far behind? A. They were working behind us. Up the road. Q. Could you have gotten the line if you wanted it? Yes, sir. Q. It was up to you as to whether you used the line or not? A. Not necessarily. Q. Who was it up to—who was supposed to say when the line was to be used? A. Anyone could use it if they wanted to. Q. Who was the boss that decided to use that line and when you used it? A. I was the boss, but we all decided. Q. You decided when you didn't want the line? A. Yes G. If you decided you wanted it you could have used it? A. Yes, sir. . . . Q. If you had put that line on that tree, could you have fallen it up the hill? A. Yes, if the line hadn't broke. Q. You never had a line break? A. Not that one. Q. You had a three way line you could use? A. Yes, sir. Q. And if you had put that line on you could have made that tree go where you wanted it to? A. Yes, sir."

There was evidence to the effect that the block and lines had been used to make other trees fall in the direction desired.

The only proposition presented and argued to this court is that the trial court erred in overruling the defendant's demurrer to the plaintiff's evidence. It is admitted by defendant that the sufficiency of such evidence to sustain the judgment must be determined in the light of the evidence tending to support the same, together with every reasonable inference deducible therefrom, and in the light most favorable to the plaintiff. Brown v. Wrightsman, 175 Okla. 189, 51 P. 2d 761. But the defendant contends that there is a total absence of any evidence to support any of the charges of negligence.

It is the employer's duty to furnish an employee with a reasonably safe place to work, with reasonably safe appliances, and to provide a reasonably safe method for the performance of the work and a failure to discharge any one of such duties, if the proximate cause of the employee's injury, will make the employer liable in damages. Jay v. Pope et al., 175 Okla. 540, 53 P. 2d 683.

Thus the question raised for decision is: Was the evidence together with every reasonable inference deducible therefrom, considered in the light most favorable to plaintiff, sufficient to support the judgment? We think the answer should be in the affirmative. It is the employer's duty to provide a reasonablly safe method for the performance of the employee's work, and this duty is non-delegable and the neglect of such duty imposes a liability for resulting injury. Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 P. 141. The evidence shows that the tree was leaning a little to the southwest, but that the heavier limbs were on the northeast and southeast sides of the tree; but under the direction of the "boss" or "pusher" it was attempted to be made to fall to the southwest with the aid of wedge and gluts, contrary to the direction of the natural fall. The evidence shows that the direction of fall could have been controlled by the use of the block and line, but was not controlled by the use of wedges and gluts, and thereby the defendant failed to furnish a reasonably safe method to fell the tree. This was a question for the determination of the jury under all the evidence before them.

There being sufficient evidence upon which a jury could find negligence of defendant in not furnishing a reasonably safe method to direct the fall of the tree and that such negligence was the proximate cause of the death, and contributory negligence and assumption of risk being made questions of fact under article 23, sec. 6, of the Constitution, the trial court did not err in overruling the demurrers.

Affirmed.