**James A. KILIAN, Appellant,**

v.

**BETTER BOXES, Inc., a corporation, Appellee.**

**No. 1762.**

Municipal Court of Appeals for the District of Columbia.

Argued March 12, 1956.

Decided April 3, 1956.

---

John T. Reges, Washington, D. C., for appellant.

Harry A. Calevas, Washington, D. C., with whom Nicholas Jay Chase, Washington, D. C., was on the brief, for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

CAYTON, Acting Associate Judge.

Appeal by plaintiff from a judgment entered on a jury verdict denying his claim for compensation as manager of a box factory.

In his complaint plaintiff alleged that defendant had agreed to pay him 5% of gross sales, that during his employment gross sales amounted to $84,000, and that after giving credit for certain advances there was a balance of $3,000 due him. In an amended complaint he pitched his claim in the alternative on a *quantum meruit* basis.

Defendant agreed that plaintiff's compensation was to be 5% of gross sales, but contended that such was on a "profit sharing basis" and plaintiff was to receive such amount only if "he was able to operate the defendant's business so as to show a profit from which the said 5% would be paid." (Defendant also filed two counterclaims, one of which was decided favorably to plaintiff. The other is not involved on this appeal.)

Our only question is whether plaintiff was entitled to rely on his *quantum meruit* theory. The trial judge ruled that he was not and thereby confined him to proving his case on a percentage basis. Though it usually is sounder procedure not to make such rulings in advance of trial, it

is quite clear that plaintiff was not prejudiced by the ruling in this case. The record discloses no basis for a *quantum meruit* claim and that plaintiff could not have prevailed on such a theory.

The term *quantum meruit* defines a situation where one employs another to perform services without agreement as to the amount of compensation. Colyer v. Lahontan Mines Co., 54 Nev. 358, 20 P.2d 654. It has been said that the term refers to a class of obligations which are not truly contractual but are dictated by reason and justice. Carpenter v. Josey Oil Co., 8 Cir., 26 F.2d 442. The rule seems to be that where there is an express contract fixing the amount of salary, recovery should not be allowed on the *quantum meruit* theory which is based not on an express agreement but on one implied in law. See, Federal Royalty Co. v. Knox, 5 Cir., 114 F.2d 78; Brown v. Wrightsman, 175 Okl. 189, 51 P.2d 761.

In the case before us it is plain from the entire record including the pleadings and pretrial proceedings that there was no dispute as to how much plaintiff should be paid. Plaintiff said he was promised 5% of gross sales, while defendant's witnesses said he was to receive such 5% only out of profits realized. (The uncontradicted evidence was that under plaintiff's management the business showed no profit.) No one said that any other or different compensation was ever agreed on. Thus there was no issue or dispute as to the *amount* of plaintiff's compensation. The only dispute was whether it was to be based on a straight 5% of gross sales or 5% payable only out of profits.

It may also be noted that there was no claim that any breach or other conduct of defendant rendered inoperative the 5% agreement so as to bring the *quantum meruit* theory into the case.[1]

Under the circumstances recited, we rule that no rights of plaintiff were prejudiced by holding him to proof of the only actual issue in the case. Much of appellant's argument is built around decisions on the question of election, but that was not the question here: plaintiff was never put to an election. What the trial judge did was to rule out a theory of the case which was foreign to the only issue before the jury. We think he was right in so limiting the evidence. It is clear that if plaintiff was entitled to be paid it was on the percentage basis both parties said had been specifically fixed in advance. Since the amount of gross sales was also stipulated, simple arithmetic would supply the answer, and it would not have been open to the jury to assess a different amount. Just as the defendant would not have been permitted to abandon the contract and demand a reduction of the fixed contractual amount, so the plaintiff was properly held to the same status. See Federal Royalty Co. v. Knox, supra. This was a typical all or nothing proposition; and to submit the case to the jury on a different basis would be importing a phantom issue into the case. The judge was right in submitting the case to the jury on the issue named, under a charge which was accurate and full, and to which plaintiff made no objection.

Appellant cites general authority for the proposition that pleadings are not defective merely because they contain inconsistent claims. Moore's Federal Practice, Vol. 2, § 8.32, p. 1708. With this we agree; but the argument is answered by what we have already said. The trial judge did not hold the pleadings defective, nor do we do so. There are countless situations in which a plaintiff may sue on an express contract for a fixed amount and alternatively on a *quantum meruit* basis. But where, as in this case, the only agreement between the parties is for a definite amount or one readily computed percentagewise, that is the agreement by which the rights of the parties are to be tested and decided. This principle was properly applied below, not only in the earlier ruling, but also in the judge's charge to the jury, to which plaintiff voiced no objection.

Affirmed.

---

1. For a discussion of this principle see Sterling v. Marshall, D.C.Mun.App., 54 A.2d 353.