INDUSTRIAL INDEMNITY COMPANY,
Appellant,

v.

CONTINENTAL CASUALTY COM-
PANY, Appellee.

CONTINENTAL CASUALTY COM-
PANY, Appellant,

v.

INDUSTRIAL INDEMNITY COMPANY,
Appellee.

Nos. 9023, 9024.

United States Court of Appeals
Tenth Circuit.

April 5, 1967.

Clayton B. Pierce, Oklahoma City, Okl. (John R. Couch, Oklahoma City, Okl., on the brief), for Industrial Indemnity Co.

Kenneth N. McKinney, Oklahoma City, Okl. (Duke Duvall, Oklahoma City, Okl., on the brief), for Continental Casualty Co.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

This suit was commenced by one insurance company against another to determine whether the policy of the defendant company covered a loss which had been suffered by the plaintiff's named insured. The trial court found the policy did cover the loss as did the policy of the plaintiff, and made a proration be-

tween them. Both parties took this appeal.

The record shows that an oil company was having work done on its oil and gas lease by both an earth moving contractor, Johnson Construction Company, and by Halliburton Oil Well Cementing Company. A truck of Halliburton was unable to cross by itself a muddy portion of the lease to reach the well site, and was towed by a caterpillar tractor of Johnson which was driven by one of its employees. After so traversing the muddy stretch, the Halliburton employee who was driving the truck got out and disconnected the tow chain between the two vehicles. However, before he could withdraw from between them, the Johnson tractor moved back against the Halliburton truck and pinned him against it injuring him severely.

The insurance carrier for the tractor owner, Johnson, was Industrial Indemnity Company, and it undertook to defend the action brought by the injured Halliburton employee against Johnson. This suit was filed on October 1, 1963, and on April 15, 1965, Industrial and Johnson gave notice to Halliburton and to its insurance carrier, Continental Casualty Company, that coverage was claimed for Johnson under Continental's policy issued to Halliburton. Continental refused to defend under this demand and Industrial settled the suit for its insured. Industrial also paid the subrogation claim of Halliburton for the workmen's compensation paid by it to its employee, the injured driver.

This action between the two insurance carriers was thereafter commenced to determine whether or not Continental's policy issued to Halliburton covering its truck also extended to cover Johnson for the accident. The trial court held that the policy did cover Johnson since it was "using" the Halliburton truck within the meaning of the policy, and that the Halliburton employee did not come within the policy exclusions relating to employees. The court then prorated the loss under the "other insurance" clauses. Both parties have taken this appeal.

The first issue considered is whether Johnson was "using" the Halliburton truck at the time of the accident. The term "using" appears in Continental's automobile policy naming Halliburton as the insured wherein the word "insured" is defined. The policy there states that the "insured" includes any person "while using" an owned automobile with the permission of the named insured. Thus was Johnson "using" the truck of Halliburton to so become an insured? As mentioned above, the trial court found that under the law of Oklahoma it was so "using" it through its employee, the tractor operator, and was thereby an insured.

 There are few authorities on the meaning of the word "using" in such circumstances. Continental Casualty Company in its brief states that it has found but one case "involving identical facts." This is a Kansas case, Esfeld Trucking, Inc. v. Metropolitan Insurance Co., 193 Kan. 7, 392 P.2d 107 (1964). There the court held that the pulling of the truck which struck the named insured's employee was not a "use" of the truck within the meaning of the policy issued to cover the truck. We are also cited to Wiebel v. American Farmers Mutual Insurance Co., 1 Storey 151, 140 A.2d 712 (1958), a Delaware case, which was concerned with an accident involving a car being pushed by another. As to Oklahoma authorities, we have Hugh Breeding Transport, Inc. v. American Fidelity & Casualty Co., 175 Okl. 508, 54 P.2d 156 (1936). There however the insured truck was being carried on another, but uninsured, truck of the same owner. The owner sued the insurance carrier of the truck being hauled, and the court held there could be no coverage. Also in Oklahoma Farm Bureau Mutual Insurance Co. v. Mouse, 268 P.2d 886 (1953), the Oklahoma court considered a case where the insured equipment being hauled in a truck struck an overpass or bridge and held there was no coverage. These appear to be the closest Oklahoma authorities on the issue, but it is apparent that they are of small

help on the particular issue here presented. There thus appear to be no decisions from Oklahoma courts which are in point or are analogous. Under these circumstances we have held in many cases that the decision of the trial court on what is the prevailing law of the state where he is sitting will be accepted on appeal unless it is clearly wrong. Bushman Construction Co. v. Conner, 351 F.2d 681 (10th Cir.); Bledsoe v. United States, 349 F.2d 605 (10th Cir.); and recently in Martinez v. United States, 373 F.2d 810 (10th Cir.). The authorities from all jurisdictions are meager but the trial court's decision is within recognized bounds, and we cannot say that it is clearly wrong.

■ On the second issue of the application of the employee exclusion clause in the Continental policy the same rule must be applied. Here again there are no controlling or persuasive Oklahoma decisions on the point. This issue is somewhat different in that there are many decided cases from other jurisdictions than Oklahoma which consider the issue. The parties, on this issue as well as on the others, have assumed that Oklahoma law is applicable, and we will do likewise.

As mentioned, there are cited to us no applicable Oklahoma decisions on this issue, and we have found none. The courts from other jurisdictions which have been confronted with the problem are not in agreement. It would however serve no useful purpose in the decision of this case to discuss the reasoning they have employed. The authorities are thus divided, and it would be difficult to say which is the "majority" view, and it is not necessary to do so. Instead it is sufficient to cite two recent cases to illustrate. They are Liberty Mutual Insurance Co. v. Truck Insurance Exchange, 420 P.2d 66 (Sup.Ct.Ore., Nov. 16, 1966), and Farmers Elevator Mutual Insurance Co. v. Carl J. Austad & Sons, Inc., 366 F.2d 555 (8th Cir., North Dakota, Sept. 29, 1966).

■ Thus on the issue of the employee exclusion clause, the trial court's determination of the law of Oklahoma, that the clause did not exclude the employee of the named insured when an additional insured was sued, must stand since it was not clearly wrong.

On this appeal an issue is also raised concerning a settlement with the injured employee on his workmen's compensation claim and the matter of subrogation. There are however no findings by the trial court on this issue, and it is not mentioned in the court's opinion. Thus apparently the trial court did not pass on it, and it does not appear that it was properly brought to its attention.

The remaining issue to be considered is the contention of the parties that the pro rata application of the policies to the loss by the trial court was not correct. The trial court apportioned the loss between the two carriers in proportion to the maximum coverage afforded by each of their policies.

Industrial Indemnity Company had issued a general liability or comprehensive policy to Johnson providing maximum coverage of $500,000 covering all of its activities. The Continental policy issued to Halliburton covered it to a maximum amount of $50,000 for losses arising out of the ownership and maintenance or use of any automobile.

Industrial maintains that on the issue of proration the difference in the coverage of the policies should be considered, and the specific automobile policy should be applied first and its general liability policy should be excess. Continental on the other hand urges that the "other insurance" clauses of each policy are essentially the same, and this should be the determining factor. However Continental urges, in addition, that Halliburton was a self-insuror by reason of its agreement to reimburse the insurance carrier for the losses and hence there was no "other insurance." It cites on this point Home Indemnity Co. v. Humble Oil & Refining Co., Tex.Civ.App., 314 S.W.2d 861 (1958).

■ We affirm the action of the trial court in its proration of the loss. It is

in accordance with the terms of the respective policies, both of which were applicable. There is no authority in Oklahoma which would dictate that a distinction should be made between the nature of the coverage.

The other points urged on this appeal by both appellants have been considered and found to be without merit.

Affirmed.