Richard J. EMERINE, Appellant,

v.

Richard H. YANCEY, Appellee.

No. 94–CV–791.

District of Columbia Court of Appeals.

Argued Jan. 11, 1996.
Decided Aug. 8, 1996.

John Edwards Harrison, with whom John C. Pasierb, Arlington, VA, was on the brief, for appellant.

Joseph C. Woytash Jr., Silver Springs, MD, with whom Francis G. McKenna was on the brief, for appellee.

Before FARRELL, RUIZ and REID, Associate Judges.

RUIZ, Associate Judge:

The principal issue in this appeal is whether defendant-appellant Richard Emerine was denied his right to trial by jury after the trial court allowed amendment of the complaint, over Emerine's objection, during a bench trial. We hold that because the amendment did not raise any issue that Emerine did not anticipate or could not have anticipated in light of the allegations of the original complaint, for which he did not demand a jury trial, he was not denied his right to trial by jury. Because we find no merit in Emerine's other contentions on appeal, we affirm.

## I.

Appellant, Emerine, and two associates shared, through their ownership of stock in a firm called American Consolidated Financial Corporation, indirect ownership and control of Intercontinental Communications, Inc. In 1989, ICI was sold to another telecommunications firm in a stock-for-stock merger. In connection with the merger, appellee, Richard H. Yancey, was hired by Emerine to perform accounting work on behalf of ICI. Yancey brought this action to recover payment for his work. In his complaint, Yancey alleged,

> Pursuant to an agreement entered into in 1989 ... and continuing thereafter until October of 1991, the Plaintiff [appellee] performed accounting and financial services for the Defendant [appellant] and other persons, for which the Defendant is both jointly and severally liable.

Neither party having demanded a jury, the case was tried to the court. During the trial, evidence emerged that in February 1990, Emerine and his associates had agreed to be personally responsible for Yancey's fees. Emerine objected to reliance on the evidence as being a variance from the complaint. At the urging of the trial court, Yancey moved to amend the complaint to allow him to recover based on proof of the subsequent

agreement.[1] The trial court granted the motion and allowed Emerine a two-week continuance to permit him time to secure the testimony of an additional witness he asserted was necessary to meet the evidence.

Following the trial, the trial judge made the following findings of fact, which neither party has challenged on appeal:

Following the sale of the corporation, in May 1989, Emerine and his associates, acting as officers of the corporation, hired Yancey to do post-closing accounting work for the corporation. No written contract or explicit arrangement was made regarding payment. Nevertheless, over the succeeding months, Yancey billed ICI for the work he performed, but was not paid.

In February 1990, Yancey advised Emerine and his associates that it would be to their advantage for them personally to pay for his work, because he would then not have to list his bills as a liability of the corporation, thereby reducing the value of the corporation's stock. Emerine agreed to Yancey's

proposal. Based on the foregoing findings, the trial court concluded that Emerine was liable to Yancey for his fees at his usual rate.

■ On appeal, Emerine raises one substantive issue and several procedural issues. Substantively, Emerine asserts that the trial court impermissibly held him liable on an "implied" contract when there was already in existence an "express" contract with ICI. Procedurally, Emerine contends that Yancey's complaint was insufficient to put him on notice of the claim against him, that the trial court improperly overruled his objection to amendment of the complaint to conform to the evidence adduced at trial, that the trial court should have acceded to his demand for a jury trial following its allowance of amendment of the complaint, and that the trial court failed to make adequate findings of fact.[2]

## II.

■ We first address Emerine's substantive allegation, for our discussion of it will

---

1. Apparently, this amendment was never reduced to writing. In light of our discussion *infra*, concerning implied-in-fact contracts, the lack of a writing is not significant.

2. Emerine also contends that the trial court lacked jurisdiction to reinstate Yancey's complaint after it was dismissed for failure to prosecute. The relevant facts are these: When Yancey failed to appear at the initial scheduling conference, the trial court gave Emerine the option of rescheduling the conference or having the complaint dismissed, subject to refiling. Emerine chose to move to dismiss. It appears, however, that Emerine did not comply with Superior Court Rule of Civil Procedure 12–I(*l*), which requires a party prevailing on a motion in open court to submit within five days a proposed order memorializing the court's ruling. Consequently, no notice of the dismissal was ever sent to Yancey's counsel and no order of dismissal was entered on the docket at that time.

Over a month after the initial scheduling conference, Yancey's counsel learned from Emerine's counsel that the court had granted Emerine's motion to dismiss for failure to prosecute. Yancey immediately moved to reinstate the complaint, explaining the reason for his failure to appear. The trial court eventually granted the motion to reinstate. The Clerk noted the dismissal for want of prosecution on the docket the same day that he docketed the order of reinstatement.

On appeal, Emerine contends that Yancey's motion to reinstate was untimely and therefore the trial court was without jurisdiction to grant

it. As a result, the dismissal was with prejudice. For that proposition, he relies on Superior Court Rule of Civil Procedure 41(b), which provides in pertinent part:

> Any order of dismissal entered sua sponte ... shall not take effect until fourteen (14) days after the date on which it is docketed and shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed. Unless the Court in its order for dismissal otherwise specifies, a dismissal ... operates as an adjudication upon the merits.

Even assuming the doubtful propositions that dismissal in this case can be called "sua sponte" when it was requested by Emerine and that the time limitations in the rule are jurisdictional, *see* Super.Ct.Civ.R. 6(b) (permitting *post hoc* extension of time where excusable neglect is shown); Super.Ct.Civ.R. 82 ("These Rules shall not be construed to extend or limit the jurisdiction of this Court."), the motion to reinstate was not untimely because it is plain that the fourteen-day period had not run, as the dismissal was not entered on the docket until the order of reinstatement was docketed. Hence, Emerine's contention that the trial court lacked jurisdiction to order reinstatement of Yancey's complaint must fail. Further, the trial court clearly had expressed, when it orally granted the motion to dismiss, that the dismissal would be without prejudice.

inform resolution of the remaining procedural issues. As we understand it, Emerine's contention is that Yancey alleged an "express" contract with ICI regarding the accounting services when in his complaint he alluded to "an agreement entered into in 1989." Emerine was not a party to the 1989 agreement. Instead, the court held him to be liable on the basis of an agreement made in February 1990, at least some of the terms of which were "implied." Citing *C.B. Snyder Realty Co. v. National Newark & Essex Banking Co.*, 14 N.J. 146, 101 A.2d 544 (1953), Emerine contends that the existence of the "express" contract precludes reliance by Yancey on an "implied" contract. We do not agree.

In *C.B. Snyder Realty*, the New Jersey Supreme Court said,

> Having pleaded an express contract, the plaintiff cannot without showing a rescission, recover on a *quasi* contract. It is a well settled rule that an express contract excludes an implied one. An implied contract cannot exist when there is an existing express contract about the identical subject. The parties are bound by their agreement, and there is no ground for implying a promise. It is only when the parties do not agree that the law interposes and raises a promise. When an express contract exists, there must be a rescission of it before the parties will be remitted to the contract which the law implies, in the absence of that agreement which they made for themselves.

*Id.* 101 A.2d at 553 (internal quotations and citations omitted).

■ We have no occasion to quarrel with the foregoing statement, for it does not apply to the circumstances in the present case. Emerine's confusion arises from a semantic difficulty: There are two very distinct theories of recovery that are both frequently denominated, "implied contract," or often, "quantum meruit." The first of those theories is the "implied-in-fact" contract. As we have observed before, " '[a]n implied-in-fact contract is a true contract, containing all the necessary elements of a binding agreement; it differs from other contracts only in that it has not been committed to writing or stated orally in express terms, but rather is inferred from the conduct of the parties in the milieu in which they dealt.' " *Vereen v. Clayborne*, 623 A.2d 1190, 1193 (D.C.1993) (quoting *Bloomgarden v. Coyer*, 156 U.S.App.D.C. 109, 116, 479 F.2d 201, 208 (1973) (citing *Roebling v. Anderson*, 103 U.S.App.D.C. 237, 241, 257 F.2d 615, 619 (1958))). In fact, it might be said that written or oral statements of express terms are themselves merely "conduct of the parties"; hence, the distinction between a so-called express contract and one that is implied-in-fact is simply that a contract implied-in-fact will only be enforced where there has been partial execution of the terms of the agreement. *See Vereen, supra*, 623 A.2d at 1193 (stating that recovery under contract implied-in-fact requires proof of "valuable services being rendered"). Thus, we do not share Emerine's alarm at the trial judge's statement, "I do not find it necessary or helpful to engage in hair-splitting over what's expressed and what's implied." The trial judge was referring to a contract implied in fact.

■ The second type of "implied" contract, that is, a contract "implied-in-law," is not a contract at all, in the sense that the word "contract" is ordinarily understood. "Contract" imports a voluntary agreement to make an exchange. Rather, a contract implied-in-law, "more commonly known as a theory of unjust enrichment, ... [is] 'a duty thrust under certain conditions upon one party to requite another in order to avoid the former's unjust enrichment.' " *Vereen, supra*, 623 A.2d at 1194 (quoting *Bloomgarden, supra*, 156 U.S.App.D.C. at 116, 479 F.2d at 208 (footnote omitted)). To recover on a theory of unjust enrichment, also known (unhelpfully) as "quasi-contract," the plaintiff "must show that [the defendant] was unjustly enriched at his expense and that the circumstances were such that in good conscience [the defendant] should make restitution." *Id.* We leave for another day whether there is any useful purpose in continuing the use of the term "contract" in connection with those two very different theories, which may have more to do with earlier judicial efforts to circumvent the limitations of the English common-law writ system—now abolished in

this jurisdiction, Super.Ct.Civ.R. 2—than with any substantive similarity.

In light of the foregoing, it is clear that *C.B. Snyder Realty* stands only for the well-established proposition that where the parties have a contract governing an aspect of the relation between themselves, a court will not displace the terms of that contract and impose some other duties not chosen by the parties. This is in accord with cases in this jurisdiction. *See Wilderness Soc'y v. Cohen*, 267 A.2d 820, 822 (D.C.1970) ("[R]ecovery under a theory of . . . unjust enrichment . . . is not available to [plaintiffs], because [forfeiture of the plaintiffs' deposit with defendant] was expressly covered by the contract terms."); *Kilian v. Better Boxes*, 121 A.2d 726, 728 (D.C.1956) (holding that where a prior agreement fixed the salary of the plaintiff, plaintiff could not seek to recover for his services on a theory of unjust enrichment).

The present case, however, was not decided against Emerine on a theory of unjust enrichment. Instead, the trial court found that Emerine had expressly agreed in February 1990 to pay for the work Yancey performed. To the extent that any term was implied from their conduct, it was only that which related to Yancey's hourly fee. Under the circumstances of the transaction, it was not unreasonable for the judge to imply as a matter of fact that the parties agreed to Yancey's usual hourly rate. Therefore, we reject Emerine's substantive challenge to the judgment.

## III.

Emerine asserts that Yancey's original complaint was insufficient to put him on notice of the claim against him, as required by Superior Court Rule of Civil Procedure 8(a),[3] and that the trial court erred in permitting an amendment of the complaint to conform to the evidence under Superior Court Rule of Civil Procedure 15(b).[4] His basic complaint is that Yancey's original and preferred theory of the case was that the terms of the 1989 merger agreement entitled him to recover his fees from Emerine. At trial, however, the court encouraged Yancey to shift the focus of his claim to the February 1990 oral agreement between himself and Emerine. Because the Rule 8 and Rule 15 issues raised are related, we address them together.[5]

■ Rule 8(a) requires notice pleading. *Scott v. District of Columbia*, 493 A.2d 319, 323 (D.C.1985). The usual means of remedying a complaint that is so vague that it does not admit of a response is to file a motion for a more definite statement. *See* Super.Ct.Civ.R. 12(e).[6] In the present case, Emerine did not seek a more definite statement before answering the complaint; therefore, because the issue was not raised in the trial court, we cannot consider whether the

3. Rule 8(a) provides, in pertinent part:

A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . .

4. Rule 15(b) provides, in pertinent part:

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the Court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the Court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

5. On appeal, Emerine suggests that the trial court abused its discretion in allowing amendment under Rule 15(b) because the amendment added an issue not included in the pretrial order issued pursuant to Superior Court Rule of Civil Procedure 16. Rule 16(g) provides, "The pretrial order may be modified at the discretion of the Court for good cause shown and shall be modified if necessary to prevent manifest injustice." Emerine did not, however, assert in the trial court that the Rule 16 provision was different from the Rule 15(b) provision relied upon by the trial court; hence, we do not consider in this case the relationship between the two rules.

6. Rule 12(e) provides, in pertinent part:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired.

complaint was too vague or ambiguous to satisfy Rule 8(a).

■ Whether or not the original complaint fairly put Emerine on notice of a claim based on an agreement reached in February 1990 is immaterial, because the trial court granted an amendment of the complaint to specifically state such a claim. The question, therefore, is whether the trial court abused its discretion in doing so. *See Rosenthal v. National Produce Co.*, 573 A.2d 365, 372–73 n. 17 (D.C.1990) (emphasizing permissive nature of rule allowing, over objection of a party, amendment of pleadings to conform to evidence). We do not think that the trial court abused its discretion under the circumstances of this case.

The party opposing amendment under Rule 15(b) must show actual prejudice in maintaining his claim or defense as a result of the admission of the evidence. 3 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 15.14, at 15–137 (2d ed. 1995). Even if the objecting party has been surprised by the amendment, the court may permit the amendment and grant the party a continuance to enable the party to meet the evidence. *Id.* at 15–138. In the present case, the trial court doubted that Emerine was unfairly surprised, stating that Emerine had "notice that the dealings between the parties from May 1989 through ... September 1990 would all be at issue in th[e] case." Nevertheless, the court granted Emerine a two-week continuance to enable him to obtain an additional witness he asserted was necessary in light of the new focus. Emerine did not object to the sufficiency of that period of time. Moreover, the trial court held out the possibility of a further continuance, if necessary. The record does not reflect any request for a further continuance, nor does Emerine now contend that he needed any further continuance. Finally, Emerine has not shown how the amendment irreparably prejudiced in his defense. Consequently, the trial court's granting of an amendment of the pleadings was not an abuse of discretion.

## IV.

■ After the trial court granted the amendment of the complaint, Emerine filed an amended answer and demanded a jury. On Yancey's motion, the trial court struck the jury demand as untimely. Emerine contends he was deprived of his right to trial by jury. Reviewing the decision of the trial court de novo, *see City of Morgantown v. Royal Ins. Co.*, 337 U.S. 254, 258, 69 S.Ct. 1067, 1069–70, 93 L.Ed. 1347 (1949) (dictum) ("The rulings of the [trial] courts granting or denying jury trial are subject to the most exacting scrutiny on appeal."), we find no error.

Superior Court Rule of Civil Procedure 38 governs demand and waiver of the right to trial by jury. Under it, the right to trial by jury is deemed waived unless a party serves and files a written demand after commencement of the action and "not later than 10 days after the service of the last pleading directed to [the] issue" "triable of right by a jury." Super.Ct.Civ.R. 38(b); *see id.* at (d). An amendment of a pleading that does not introduce any new issue does not revive a previously waived right to demand a jury trial. 5 MOORE, *supra*, ¶ 38.41, at 38–387. Thus, the question is whether the amendment of Yancey's complaint to permit evidence of the February 1990 agreement raised a new "issue" within the meaning of Rule 38(b).

The Rules do not provide a definition of the term, "issue." Nonetheless, it is clear that if a case is an equitable one being tried to the court and a Rule 15(b) amendment is permitted over objection, then the objecting party is entitled to demand a jury trial only if the amendment has injected a new legal issue that could not have been reasonably anticipated. 5 MOORE, *supra*, ¶ 38.41, at 38–394; *compare Harris v. Richards Mfg. Co.*, 675 F.2d 811, 815 (6th Cir.1982) (holding that where plaintiff sought only equitable relief up through the end of trial, and only added claim for legal relief post-trial, defendant was entitled to demand jury once legal claim was asserted) *with Gulbenkian v. Gulbenkian*, 147 F.2d 173, 176 (2d Cir.1945) (concluding that where plaintiff had sought specific performance, but given notice two years before trial that he would seek damages for breach of contract if denied specific performance, defendants' failure to demand jury trial before trial is waiver).

**1386**

In the present case, Yancey both before and after the amendment sought to enforce a contractual claim by obtaining the legal remedy of damages. Moreover, his claim has always turned on his providing the same accounting services to a willing beneficiary. In fact, as the trial court pointed out, the amendment merely states with greater particularity facts that fall within the scope of the course of the contractual relationship that was originally alleged in the complaint. The amendment merely specifies in greater detail facts that are within the scope of the allegations of the original complaint, to which the same theory of recovery applies. Both before and after the amendment, Yancey sought only to enforce a contract exchanging accounting services for payment of a fee against the same party as in its original complaint. Because the nature of the facts and the theory was in its essentials unchanged by the amendment, we hold that the amendment did not revive Emerine's right to demand a trial by jury. The trial court did not err in striking the demand.

### V.

 Finally, Emerine attacks the trial court's findings as insufficient under Superior Court Rule of Civil Procedure 52(a).[7] He asserts that the findings are deficient because they do not determine the terms of the contract, the consideration given by the parties, or a breach of the terms by Emerine. Rule 52(a) "means there must be findings on material issues." *Tauber v. District of Columbia,* 511 A.2d 23, 28 (D.C.1986). Issues are "material," however, only to the extent that they are disputed by the parties. In the present case, Emerine has not shown that the deficiencies he alleges in the trial court's findings were the result of anything other than his failure to dispute those issues. Hence, there is no need for a remand.

*Affirmed.*

---

7. Rule 52(a) provides, in pertinent part:
 Unless expressly waived by all the parties, the Court shall state findings of fact specially and state separately its conclusions of law in every action tried upon the facts without a jury.... Such findings of fact and conclusions of law may be in writing or may be stated orally in open court if recorded....